# EXHIBIT 1

**DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S FILING OF NOTICE OF REMOVAL OF CIVIL ACTION**

10/25/19   11:38 AM

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

P.F. CHANG'S CHINA BISTRO, INC. an Arizona corporation; and
DOES 1 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

CHANSUE KANG, an individual, and on behalf of other members of
the general public similarly situated;

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 24 2019

BY _____
ELYZABETH GOMEZ, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es:)  San Bernardino Superior Court | **CASE NUMBER:**<br>(Número del Caso):  DS 1931220 |

247 West Third Street
San Bernardino, CA 92415

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Stephanie E. Yasuda (SBN 265480), One Wilshire Blvd., Suite 2200, Los Angeles, CA 90017, (213) 612-0988

| DATE: | OCT 24 2019 | Clerk, by | Elizabeth Gomez | , Deputy |
|---|---|---|---|---|
| (Fecha) | | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

(SEAL)

COPY

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

10/25/19    11:38 AM

1   YOON LAW, APC
    Kenneth H. Yoon (SBN 198443)
2   kyoon@yoonlaw.com
    Stephanie E. Yasuda (SBN 265480)
3   syasuda@yoonlaw.com
    Brian G. Lee (SBN 300990)
4   blee@yoonlaw.com
    One Wilshire Blvd., Suite 2200
5   Los Angeles, California 90017
    Telephone: (213) 612-0988
6   Facsimile: (213) 947-1211

7   LIM LAW GROUP, P.C.
    Preston H. Lim (SBN 275249)
8   phl@limlawgroup.com
    3435 Wilshire Blvd., Suite 2350
9   Los Angeles, California 90010
    Telephone: (213) 900-3000
10  Facsimile: (213) 204-3000

11  LAW OFFICES OF JONG YUN KIM
    Jong Yun Kim (SBN 272176)
12  jongkimlaw@hotmail.com
    3600 Wilshire Blvd., Suite 2226
13  Los Angeles, California 90010
    Telephone: (213) 351-9400
14  Facsimile: (213) 736-6514

15  Attorneys for Plaintiffs

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 24 2019

BY _____
ELYZABETH GOMEZ, DEPUTY

16         SUPERIOR COURT OF THE STATE OF CALIFORNIA

17            FOR THE COUNTY OF SAN BERNARDINO

18  CHANSUE KANG, an individual, and on       CASE NO.: CIVDS1931220
    behalf of other members of the general public
19  similarly situated;                       CLASS ACTION

20              Plaintiff,                     FIRST AMENDED CLASS ACTION
                                              COMPLAINT FOR:
21        vs.
                                              1.  VIOLATION OF BUSINESS AND
22  P.F. CHANG'S CHINA BISTRO, INC. an            PROFESSIONS CODE §17200, et seq.
    Arizona corporation; and DOES 1-100,     2.  VIOLATION OF BUSINESS AND
23  inclusive                                    PROFESSIONS CODE §17500, et seq.
                                              3.  VIOLATION OF CALIFORNIA CIVIL
24              Defendants.                       CODE § 1750. et seq.
                                              4.  BREACH OF EXPRESS WARRANTY
25
                                              JURY TRIAL DEMANDED
26

27

28

              FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Chansue Kang ("Plaintiff") alleges the following based upon personal knowledge as to himself and his own acts, and upon information and belief and the investigation by Plaintiff's counsel, Plaintiff believes that substantial additional evidentiary support exists for the allegations set forth herein and will be available after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This action seeks to remedy the unfair, deceptive, and unlawful business practices of P.F. Chang's Chino Bistro, Inc. ("Defendant" or "P.F. Chang's") with respect to the adulteration of food and the false advertising or misbranding of food items. Specifically, during the Class Period (defined below), P.F. Chang's employed a classic bait and switch tactic whereby it falsely labeled and advertised food products containing crab on their menu, when in fact, no crab meat was present in the product.

2. P.F. Chang's is an American restaurant company based in Scottsdale, Arizona. It owns or franchises over 300 Chinese cuisine restaurants around the world. P.F. Chang's sells food items containing "Krab Mix" on their menu, including but not limited to Kung Pao Dragon Roll, Shrimp Tempura Roll, and/or California Roll (hereinafter the "Food Product(s)") at any and all of their locations in California during the last four years.

3. In connection with the sale of the Food Products, P.F. Chang's has engaged in unfair and deceptive practices constituting violations of the CLRA by representing that the Krab Mix in the Food Products resembles crab meat, is equivalent to crab meat, and/or contains crab meat, when in fact, no crab meat exists and the Krab Mix is nutritionally inferior to crab meat. P.F. Chang's has thereby misled and deceived its customers into believing that the Food Products contain actual crab meat, and has intentionally misbranded the Food Products by using imitation crab meat in the Food Products.

4. As such, P.F. Chang's has concealed, suppressed and/or misrepresented through the in-store and online menus regarding the contents of the Food Products in violation of Civil Code section 1770. The company also has engaged in unfair business practices under Business and Professions Code section 17220, et seq., engaged in false advertising, fraud, negligent misrepresentation and related violations. P.F. Chang's has  represented that the Food Products

2

1   have characteristics and ingredients which they do not have. It also represented that the Food

2   Products are of a particular standard quality or grade, when they are not.

3         5.      The Food Products are displayed with pricing and ingredient information; however,

4   the ingredient information is false and deceptive.

5         6.      When purchasing the Food Products from P.F. Chang's, Plaintiff relied on

6   Defendant's misrepresentations on the menu. Plaintiff would not have purchased the various Food

7   Products had he known that Defendant's representations were false and misleading.

8         7.      Defendant's conduct of falsely marketing, advertising, labeling, and selling its

9   Food Products constitutes unfair, unlawful, and fraudulent conduct; is likely to deceive members

10  of the public; and is unethical, oppressive, unscrupulous, and/or substantially injurious to

11  consumers, because, among other things, it misrepresents the characteristics of goods and services.

12        8.      P.F. Chang's intentionally concealed and failed to disclose the truth about its

13  misrepresentations and false advertising scheme for the purpose of inducing Plaintiff and others

14  similarly situated to purchase the Food Products at P.F. Chang's.

15        9.      Through its false and deceptive marketing, advertising and pricing scheme, P.F.

16  Chang's violated (and continues to violate) California laws prohibiting advertising goods for sale

17  of prices which are false. Specifically, Defendant violated (and continues to violate) California's

18  Business & Professions Code §§ 17200, et seq. (the "UCL"), California's Business & Professions

19  Code §§ 17500, et seq. (the "FAL"), the California Consumers' Legal Remedies Act, California

20  Civil Code §§ 1750, et seq.,(the "CLRA"); the warranty laws of California; California common

21  law; Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, et seq.; and New

22  York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 349 et seq.

23        10.     Plaintiff, individually and on behalf of all others similarly situated, seeks restitution

24  and other equitable remedies, including an injunction under the UCL and FAL; and restitution,

25  damages and an injunction under the CLRA.

26                          **JURISDICTION AND VENUE**

27        11.     This class action is brought pursuant to the California Code of Civil Procedure

28  section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal

1  jurisdiction limits of the Superior Court and will be established according to proof at trial.

2      12.     This Court has jurisdiction over this action pursuant to the California Constitution,

3  Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes"

4  except those given by statute to other courts. The statutes under which this action is brought do

5  not specify any other basis for jurisdiction.

6      13.     This Court has jurisdiction over the named Defendant and DOES 1 through 100

7  because, upon information and belief, Defendant has sufficient minimum contacts with the State

8  of California or otherwise intentionally avail themselves of the California market so as to render

9  the exercise of jurisdiction over them by the California courts consistent with traditional notions of

10  fair play and substantial justice.

11      14.     Venue is proper in this Court because, upon information and belief, Defendant

12  maintains offices, has agents, and/or transacts business in the State of California, County of San

13  Bernardino, and the acts and omissions alleged herein took place in the State of California, County

14  of San Bernardino.

15                          **PARTIES**

16      15.     Plaintiff is an individual and consumer residing in the State of California. During

17  the Class Period, Plaintiff purchased Food Products from P.F. Chang's locations in California,

18  including locations in the City of Torrance.

19      16.     Prior to purchasing the Food Products, Plaintiff read and relied upon false and

20  misleading statements that were prepared by and/or approved by Defendant and its agents and

21  disseminated through hard-copy and online menus. For each purchase, he understood that he was

22  paying a particular price for a particular item and was deceived when he received an item other

23  than that labeled and advertised. Plaintiff would not have purchased the Food Products, and/or

24  would not have paid a premium for the Food Products had he known the true quality and

25  ingredients of the Food Products. Plaintiff thus was damaged by Defendant's practice.

26      17.     P.F. Chang's is an Arizona corporation with a principal place of business in

27  Scottsdale, Arizona. P.F. Chang's distributes, markets, advertises, and sells in-store food items at

28  its stores in California and throughout the rest of the United States.

4

**CLASS ACTION COMPLAINT**

18.     The use of the term "Defendant" in any of the allegations in this Complaint, unless specifically alleged otherwise, is intended to include and charge, both jointly and severally, not only the Defendant identified in this Complaint, but also all Defendants designated as DOES 1 through 100, inclusive, as though the term "Defendant" was followed in each and every instance throughout this Complaint with the phrase "and each of them jointly and severally, including the named Defendant and Defendants included herein and sued under the fictitious names of DOES 1 through 100, inclusive."

19.     Plaintiff is informed and believes, and thereon alleges, that Defendant, at all times herein mentioned, were the partners, joint venturers, subsidiaries, successors in interest, managing agent, merged entities, agents, alter egos, part of a jointly owned, managed, and/or operated business enterprise, and/or employees of each other Defendant and in doing the acts, omissions, and things alleged herein were acting as such and within the scope of their authority as such agents and employees and with the permission and consent of all other Defendant. Plaintiff is informed and believes, and thereon alleges, that Defendant has, and at all times herein mentioned had, a joint economic and business interest, goal and purpose in the products that are the subject of this lawsuit.

## ALLEGATIONS OF FACT

20.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant times mentioned in this Complaint, Defendant has owned and/or operated restaurants in the State of California, including in the County of San Bernardino.

21.     Plaintiff is informed and believes, and based thereon alleges, that Defendant fail to disclose in their menus that the Food Products do not contain real crab meat.

22.     At all times mentioned in this Complaint, Defendant through their menus have suppressed and concealed and continue to suppress and conceal the fact that the Food Products do not contain crab meat.  For example, Defendant do not state anywhere in their restaurant or in their in-store menus that the Food Products do not contain crab meat.

23.     During the last four years, Plaintiff purchased the Food Products, purportedly containing crab meat at the restaurant owned, operated or managed by Defendant, specifically P.F.

5

Chang's located at 3525 Carson Street, Torrance, in the State of California, believing and having been led to believe that the Food Products actually contained crab meat.

24.    At all times herein relevant, when Plaintiff purchased the Food Products, he was exposed to Defendant's in-store menus, which did not disclose that the Food Products did not contain crab meat.  To his detriment, Plaintiff relied upon these in-store menus when purchasing and consuming the Food Products.

25.    Plaintiff is informed and believes, and based thereon alleges, that Defendant's concealment of the fact that the Food Products do not contain crab meat and being explicitly informed by Defendant's in-store menus that the Food Products contain crab meat, was the immediate cause of Plaintiff and the other class members consuming the Food Products.

26.    In light of Defendant's representations and omissions, as alleged herein, regarding the Food Products, Plaintiff and members of the putative class reasonably believed that the Food Products contained crab meat.

27.    Plaintiff is informed and believes, and based thereon alleges, as a result of Defendant's false and misleading representations, as alleged herein, Plaintiff has suffered damages including, but not limited to, monetary loss, caused by the fact he was misled by Defendant's in-store menus into purchasing and consuming the Food Products, which did not contain crab meat.

## CLASS ACTION ALLEGATIONS

28.    Plaintiff brings this action individually and on behalf of all other persons similarly situated pursuant to California Code of Civil Procedure Section 382. The Classes which Plaintiff seeks to represent comprise:

**California Class**

All persons in California who purchased Food Products from P.F. Chang's for personal or household consumption, and not for resale or distribution purposes, that P.F. Chang's menu labeled to contain "Krab Mix," between October 23, 2015 and the date of judgment in this action. Specifically excluded from this Class are P.F. Chang's; the officers, directors, or employees of P.F. Chang's; any entity in which P.F. Chang's has a controlling interest; and any affiliate, legal

representative, heir, or assign of P.F. Chang's. Also excluded are those who assert claims for personal injury as well as any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

**State Consumer Protection Class**

All persons in California, Florida, or New York who purchased Food Products from P.F. Chang's for personal or household consumption, and not for resale or distribution purposes, that P.F. Chang's menu labeled to contain "Krab Mix," between October 23, 2015 and the date of judgment in this action. Specifically excluded from this Class are P.F. Chang's; the officers, directors, or employees of P.F. Chang's; any entity in which P.F. Chang's has a controlling interest; and any affiliate, legal representative, heir, or assign of P.F. Chang's. Also excluded are those who assert claims for personal injury as well as any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

29.     Plaintiff reserves his rights under California Rule of Court 3.769(b) to amend or modify the Class definitions with greater specificity or further division into sub-class or limitation to particular issues.

30.     The Classes are sufficiently numerous, as it includes thousands of persons who have purchased the Food Products. Thus, joinder of such persons in a single action or bringing all members of the Classes before the Court is impracticable for purposes of California Code of Civil Procedure Section 382. The question is one of a general or common interest of many persons and it is impractical to bring them all before the Court. The disposition of the claims of the members of the Classes in this class action will substantially benefit both the parties and the Court.

31.     Plaintiff will fairly and adequately represent and protect the interests of the other members of each respective Class for purposes of California Code of Civil Procedure Section 382. Plaintiff has no interests antagonistic to those of other members of each respective Class. Plaintiff

1    is committed to the vigorous prosecution of this action and has retained counsel experienced in

2    litigation of this nature to represent her. Plaintiff anticipates no difficulty in the management of

3    this litigation as a class action.

4        32.    Class certification is appropriate under California Code of Civil Procedure Section

5    382 because Defendant has acted on grounds that apply generally to each Class, so that final

6    injunctive relief or corresponding declaratory relief is appropriate respecting each Class as a

7    whole. Defendant utilizes an integrated, nationwide menu label that includes uniform

8    misrepresentations that misled Plaintiff and the other members of the Classes.

9        33.    Class certification is appropriate under California Code of Civil Procedure Section

10   382 because common questions of law and fact substantially predominate over any questions that

11   may affect only individual members of the Classes. Among these common questions of law and

12   fact are:

13       a.    Whether Defendant engaged in a pattern or practice of concealing,

14            suppressing and/or misrepresenting in their menus the fact that the Food

15            Products do not actually contain crab meat.

16       b.    Whether Defendant engaged in a pattern or practice of concealing,

17            suppressing and/or misrepresenting the source, quality, and/or method of

18            obtaining the Food Products.

19       c.    Whether Defendant thereby engaged in consumer fraud, deceptive trade

20            practices, or other unlawful acts.

21       d.    Whether Class Members are entitled to damages including punitive

22            damages, restitution, disgorgement of profits, and injunctive relief, and the

23            proper measure, nature and extent of such relief.

24       e.    Whether the Plaintiff and the Class Members suffered monetary, general,

25            consequential, and special damages and, if so, what is the measure of those

26            damages.

27       f.    Whether Plaintiff and members of the Classes are entitled to injunctive and

28            other equitable relief.

CLASS ACTION COMPLAINT

g.     Whether Defendant were unjustly enriched by their conduct.

34.     Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by the members of the Classes. Similar or identical statutory and common law violations and deceptive business practices are involved. Individual questions, if any, pale by comparison to the numerous common questions that predominate.

35.     The injuries sustained by Plaintiff and the members of the Classes flow, in each instance, from a common nucleus of operative facts – Defendant's misconduct.

36.     Plaintiff and the members of the Classes have been damaged by Defendant's misconduct. The members of the Classes have paid for a product that would not have been purchased in the absence of Defendant's deceptive scheme, or, alternatively, would have been purchased at a lesser price.

37.     Proceeding as a class action provides substantial benefits to both the parties and the Court because this is the most efficient method for the fair and efficient adjudication of the controversy. Members of the Classes have suffered and will suffer irreparable harm and damages as a result of Defendant's wrongful conduct. Because of the nature of the individual claims of the members of the Classes, few, if any, could or would otherwise afford to seek legal redress against Defendant for the wrongs complained of herein, and a representative class action is therefore the appropriate, superior method of proceeding and essential to the interests of justice insofar as the resolution of claims of the members of the Classes is concerned. Absent a representative class action, members of the Classes would continue to suffer losses for which they would have no remedy, and Defendant would unjustly retain the proceeds of its ill-gotten gains. Even if separate actions could be brought by individual members of the Classes, the resulting multiplicity of lawsuits would cause undue hardship, burden, and expense for the Court and the litigants, as well as create a risk of inconsistent rulings, which might be dispositive of the interests of the other members of the Classes who are not parties to the adjudications and/or may substantially impede their ability to protect their interests.

**CLASS ACTION COMPLAINT**

## FIRST CAUSE OF ACTION

### UNFAIR, UNLAWFUL, AND FRAUDULENT BUSINESS PRACTICES

### IN VIOLATION OF BUSINESS & PROFESSIONS CODE§ 17200, *et seq.*

**(By Plaintiff and the California Class against Defendant)**

38.     Plaintiff repeats and realleges the allegations set forth above and incorporates the same as if set forth herein at length.

39.     This cause of action is brought pursuant to Business and Professions Code § 17200, *et seq.*

40.     In the labeling and advertising of its Food Products, Defendant makes false and misleading statements regarding the ingredients of products. Specifically, Defendant labels and advertises (by omission or commission) that the Food Products contain real crab meat when they do not.

41.     Defendant is aware of the representations it makes regarding the ingredients on its menu are false and misleading.

42.     As alleged in the preceding paragraphs, the misrepresentations by Defendant of the material facts detailed above constitute an unfair and fraudulent business practice within the meaning of California Business & Professions Code § 17200.

43.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

44.     All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

45.     Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ their practice of advertising the sale of their food products. Likewise, Plaintiff and the members of the Class seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence

1 and significance of said misrepresentations.

## SECOND CAUSE OF ACTION

### FALSE AND MISLEADING ADVERTISING

### IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, *et seq.*

**(By Plaintiff and the California Class against Defendant)**

46.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

47.    This cause of action is brought pursuant to Business and Professions Code § 17500, *et seq.*

48.    As alleged above, Defendant made untrue, false, deceptive and/or misleading statements in connection with the labeling and advertising of the Food Products.

49.    Defendant made representations and statements (by omission and commission) that led reasonable customers to believe that they were purchasing items containing crab, when in fact, no crab meat was present in the Food Products.

50.    Defendant further deceptively failed to inform Plaintiff and members of the Class that the Food Products did not contain any crab meat.

51.    Plaintiff and members of the Class relied to their detriment on Defendant's false, misleading and deceptive advertising and marketing practices, including each of the misrepresentations and omissions set forth above.

52.    Had Plaintiff and members of the Class been adequately informed and not intentionally deceived by Defendant, they would have acted differently by, without limitation, refraining from purchasing the Food Products or paying less for them.

53.    Defendant's acts and omissions are likely to deceive the general public.

54.    Defendant engaged in these false, misleading and deceptive advertising and marketing practices to increase its profits. Accordingly, Defendant has engaged in false advertising, as defined and prohibited by section 17500, *et seq.* of the California Business and Professions Code.

55.    The aforementioned practices, which Defendant used, and continue to use, to its

11

1  significant financial gain, also constitutes unlawful competition and provides an unlawful

2  advantage over Defendant's competitors as well as injury to the general public.

3       56.     Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the

4  members of the Classes seek an order of this Court enjoining Defendant from continuing to

5  engage, use, or employ their practice of advertising the sale and use of Defendant's Food Products.

6  Likewise, Plaintiff and the members of the Class seek an order requiring Defendant to disclose

7  such misrepresentations, and additionally request an order awarding Plaintiff restitution of the

8  money wrongfully acquired by Defendant by means of responsibility attached to Defendant's

9  failure to disclose the existence and significance of said misrepresentations.

10  **THIRD CAUSE OF ACTION**

11  **VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT**

12  **CALIFORNIA CIVIL CODE § 1750, *et seq*.**

13  **(By Plaintiff and the California Class against Defendant)**

14       57.     Plaintiff repeats and realleges all the allegations of the previous paragraphs and

15  incorporates the same as if set forth herein at length.

16       58.     This cause of action is brought pursuant to Civil Code § 1750, *et seq*., the

17  Consumers Legal Remedies Act ("CLRA").

18       59.     The policies, acts, and practices heretofore described were intended to result in the

19  sale of Defendant's Food Products to the consuming public .

20       60.     By engaging in the actions, representations and conduct set forth herein, Defendant

21  has violated, and continues to violate, § 1770(a)(2), § 1770(a)(5), § 1770(a)(7), and § 1770(a)(9)

22  of the CLRA. In violation of California Civil Code §1770(a)(2), Defendant's acts and practices

23  constitute improper representations regarding the source, sponsorship, approval, or certification of

24  the goods they sold. In violation of California Civil Code §1770(a)(5), Defendant's acts and

25  practices constitute improper representations that the goods they sell have sponsorship, approval,

26  characteristics, ingredients, uses, benefits, or quantities, which they do not have. In violation of

27  California Civil Code §1770(a)(7), Defendant's acts and practices constitute improper

28  representations that the goods they sell are of a particular standard, quality, or grade, when they

1    are of another. In violation of California Civil Code §1770(a)(9), Defendant has advertised goods
2    or services with intent not to sell them as advertised.

3         61.    Specifically, Defendant's acts and practices led customers to falsely believe that the
4    Food Products contain crab meat, when no crab meat is present.

5         62.    Defendant's actions as described hereinabove were done with conscious disregard
6    of Plaintiff's rights and Defendant were wanton and malicious in their concealment of the same.

7         63.    Pursuant to § 1780(a) of the Act, Plaintiff seeks injunctive relief in the form of an
8    order enjoining the above-described wrongful acts and practices of Defendant including, but not
9    limited to, an order enjoining Defendant from distributing such false advertising and
10   misrepresentations. Plaintiff shall be irreparably harmed if such an order is not granted.

11        64.    Pursuant to Civil Code §1782, Plaintiff gave Defendant notice by letter dated April
12   29, 2019, by certified mail, of the particular violations of Civil Code § 1770. The Notice requested
13   that Defendant rectify the problems associated with the actions alleged in this Complaint and give
14   notice to all affected consumers of its intent to so act.

15        65.    Plaintiff seeks, pursuant to California Civil Code § 1780(a)(3), on behalf of himself
16   and members of the Class, compensatory damages, punitive damages and restitution of any ill-
17   gotten gains due to Defendant's acts and practices.

18                          **FOURTH CAUSE OF ACTION**
19                          **BREACH OF EXPRESS WARRANTY**
20                   **(By Plaintiff and the California Class against Defendant)**

21        66.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs
22   and incorporates the same as if set forth herein at length.

23        67.    Defendant has broadly disseminated, and continues to make, misrepresentations
24   and/or omissions regarding the pricing of the Food Products. Specifically, Defendant systemically
25   represents the ingredients of the Food Products to consumers.

26        68.    Defendant knew that its assertions were false, but asserted such facts nonetheless,
27   with the intent to procure each consumer's business.

28        69.    Had Plaintiff and the members of the Class known that Defendant's assertion was

1 | untrue, Plaintiffs and the members of the Class would not have purchased such Food Products or
2 | would have paid less for such products.

3 |      70.    As a proximate result of Defendant's deceit, as set forth above, Plaintiff and each
4 | member of the Class purchased the Food Products.

5 |      71.    Plaintiff and the members of the Class are entitled to punitive damages since
6 | Defendant willfully and fraudulently acted with malice, oppression, and/or in conscious disregard
7 | for Plaintiff's and the members of the Class' legal rights as a result of Defendant's deceit, as set
8 | forth above.

## FIFTH CAUSE OF ACTION

## VIOLATIONS OF CONSUMER FRAUD LAWS

### (By Plaintiff, the California Class, and Consumer Protection Class
### against Defendant)

13 |      72.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs
14 | and incorporates the same as if set forth herein at length.

15 |      73.    Plaintiff brings this Count individually under the laws of the state where he
16 | purchased the Food Products and on behalf of all other persons who purchased the Food Products
17 | in states having similar laws regarding consumer fraud and deceptive trade practices; namely, in
18 | Arizona, Texas, and New York.

19 |      74.    Plaintiff and each of the other members of the Classes are consumers, purchasers,
20 | or other persons entitled to the protection of the consumer protection laws of the state in which
21 | they purchased the Food Products.

22 |      75.    The consumer protection laws of the State in which Plaintiff and the other members
23 | of the Classes purchased the Food Products declare that unfair or deceptive acts or practices, in the
24 | conduct of trade or commerce, are unlawful.

25 |      76.    Forty States and the District of Columbia have enacted statutes designed to protect
26 | consumers against unfair, deceptive, fraudulent, and unconscionable trade and business practices
27 | and false advertising and that allow consumers to bring private and/or class actions. The relevant
28 | statutes are found at:

a.  Texas Deceptive Trade Practices-Consumer Protection Act, Business & Commerce Code § 17.41 *et seq.*;

b.  Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et seq.*;

c.  New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 349 *et seq.*;

77.  The Food Products constitute products to which these consumer protection laws apply.

78.  In the conduct of trade or commerce regarding its production, marketing, and sale of the Food Products, Defendant engaged in one or more unfair or deceptive acts or practices including, but not limited to, falsely labeling and advertising food products containing crab on their menu, when in fact, no crab meat was present.

79.  Defendant's representations and omissions were false, untrue, misleading, deceptive, and/or likely to deceive.

80.  Defendant knew, or should have known, that their representations and omissions were false, untrue, misleading, deceptive, and/or likely to deceive.

81.  Defendant used or employed such deceptive and unlawful acts or practices with the intent that Plaintiff and members of the Classes rely thereon.

82.  Plaintiff and the other members of the Classes did so rely.

83.  Plaintiff and the other members of the Classes purchased the Food Products which misrepresented the characteristics and nature of the Product.

84.  Plaintiff and the other members of the Classes would not have purchased the Food Products but for Defendant's deceptive and unlawful acts.

85.  As a result of Defendant's conduct, Plaintiff and the other members of the Classes sustained damages in amounts to be proven at trial.

86.  Defendant's conduct showed complete indifference to, or conscious disregard for, the rights and safety of others such that an award of punitive and/or statutory damages is appropriate under the consumer protection laws of those states that permit such damages to be

15

1  sought and recovered.

2                          **PRAYER FOR RELIEF**

3       WHEREFORE, Plaintiff prays for judgment and relief against Defendant as follows:

4       A.      That the Court certify the Classes pursuant to California Code of Civil Procedure

5  Section 382 and appoint Plaintiff as Class Representative and his attorneys as Class Counsel to

6  represent the members of the Classes;

7       B.      That the Court declare that Defendant's conduct violates the statutes and law

8  referenced herein;

9       C.      That the Court preliminarily and permanently enjoin Defendant from conducting its

10 business through the unlawful, unfair, or fraudulent business acts or practices, untrue, and

11 misleading labeling and marketing and other violations of law described in this Complaint;

12      D.      That the Court order Defendant to conduct a corrective advertising and information

13 campaign advising consumers that the Food Products do not have the characteristics, uses,

14 benefits, and quality Defendant has claimed;

15      E.      That the Court order Defendant to implement whatever measures are necessary to

16 remedy the unlawful, unfair, or fraudulent business acts or practices, untrue and misleading

17 advertising, and other violations of law described in this Complaint;

18      F.      That the Court order Defendant to pay restitution to restore to all affected persons

19 all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair,

20 or a fraudulent business act or practice, untrue or misleading labeling, advertising, and marketing,

21 plus pre and post-judgment interest thereon;

22      G.      That the Court order Defendant to disgorge all monies wrongfully obtained and all

23 revenues and profits derived by Defendant as a result of its acts or practices as alleged in this

24 Complaint;

25      H.      For compensatory and punitive damages in amounts to be determined by the Court

26 and/or jury;

27      I.      For prejudgment interest on all amounts awarded;

28      J.      For an Order of restitution and all other forms of equitable monetary relief;

                                     16
                          **CLASS ACTION COMPLAINT**

K.     For costs, expenses, and reasonable attorneys' fees;

L.     For punitive damages;

M.     That the Court grant such other and further relief as may be just and proper.

DATED: October 22, 2019                 YOON LAW, APC


                                        By:
                                           Stephanie E. Yasuda
                                           Attorneys for Plaintiff
                                           CHANSUE KANG

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.


DATED: October 22, 2019                 YOON LAW APC


                                        By:
                                           Stephanie E. Yasuda
                                           Attorneys for Plaintiff
                                           CHANSUE KANG

CLASS ACTION COMPLAINT

NOV 25 2019

KENNETH H. YOON (State Bar No. 198443)
STEPHANIE E. YASUDA (State Bar No. 265480)
BRIAN G. LEE (State Bar No. 300990)
**YOON LAW, APC**
One Wilshire Blvd., Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

**LIM LAW GROUP, P.C.**
Preston H. Lim (SBN 275249)
phl@limlawgroup.com
3435 Wilshire Blvd., Suite 2350
Los Angeles, California 90010
Telephone: (213) 900-3000
Facsimile: (213) 204-3000

**LAW OFFICES OF JONG YUN KIM**
Jong Yun Kim (SBN 272176)
jongkimlaw@hotmail.com
3600 Wilshire Blvd., Suite 2226
Los Angeles, California 90010
Telephone: (213) 351-9400
Facsimile: (213) 736-6514

Attorneys for Plaintiff Chansue Kang

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| **CHANSUE KANG**, an individual, and on behalf of other members of the general public similarly situated; <br><br>       Plaintiff, <br><br>    vs. <br><br> **P.F. CHANG'S CHINA BISTRO, INC.** an Arizona corporation; and DOES 1-100, inclusive <br><br>       Defendants. | Case No.: CIVDS1931220 <br><br> [Assigned for all purposes to Hon. David Cohn, Dept. S-26] <br><br> **PLAINTIFF'S NOTICE OF INITIAL CASE MANAGEMENT CONFERENCE** <br><br> Date: January 14, 2020 <br> Time: 8:30 a.m. <br> Place: Department S-26 |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that the Initial Case Management Conference is set to take place on January 14, 2020, at 8:30 a.m. in Department S-26 of the above-referenced Court, located at 247 West Third Street, San Bernardino, California 92415.

A true and correct copy of the Court's Order is attached hereto as **Exhibit A.**

Dated: November 19, 2019

                                    **YOON LAW, APC**

                                    By: _____
                                         Kenneth H. Yoon
                                         Stephanie E. Yasuda
                                         Brian G. Lee
                                         Attorneys for Plaintiff Chansue Kang

PLAINTIFF'S NOTICE OF INITIAL CASE MANAGEMENT CONFERENCE

# EXHIBIT A

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN BERNARDINO, SAN BERNARDINO DISTRICT**

**Complex Litigation Program**

**Judge David Cohn**

**Department S-26**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 2 5 2019

BY _____
CHRISTIAN HERNANDEZ, DEPUTY

CHANSUE KANG -V- P.F. CHANGS CHINO BISTRO

**Case No. CIVDS1931220**

**INITIAL CASE MANAGEMENT CONFERENCE ORDER**

This case is assigned for all purposes to Judge David Cohn in the Complex Litigation Program.  An initial Case Management Conference (CMC) is scheduled for JAN 1 4 2020 _____ at 8:30 a.m., in Department S-26, located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, California, 92415.

Counsel for all parties are ordered to attend the initial CMC.  Absent prior court approval, telephonic appearances are not allowed for the initial CMC.  If there are defendants who have not yet made a general or special appearance, those parties who are presently before the court may jointly request a continuance of the initial CMC to allow additional time for such non-appearing defendants to make their general or special appearances.   Such a request should be made by submitting a Stipulation and Proposed Order to the Court, **filed directly in Department S-26, no later than ten court days before the scheduled hearing.**

-1-

Pending further order of this court, and except as otherwise provided in this Order, these proceedings are **stayed** in their entirety.  This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court.  Each defendant, however, is directed to file a Notice of General Appearance (or a Notice of Special Appearance if counsel intends to challenge personal jurisdiction) for purposes of identification of counsel and preparation of a service list.  The filing of a Notice of General Appearance is without prejudice to any substantive or procedural challenges to the complaint (including subject matter jurisdiction), without prejudice to any denial or affirmative defense, and without prejudice to the filing of any cross-complaint.  The filing of a Notice of Special Appearance is without prejudice to any challenge to the court's exercise of personal jurisdiction.  This stay of the proceedings is issued to assist the court and the parties in managing this case through the development of an orderly schedule for briefing and hearings on any procedural or substantive challenges to the complaint and other issues that may assist in the orderly management of this case.  This stay shall not preclude the parties from informally exchanging documents and other information that may assist them in their initial evaluation of the issues.

Plaintiffs' counsel is ordered to serve this Order on counsel for each defendant, or, if counsel is not known, on each defendant within five days of the date of this Order.  If the complaint has not been served as the date of this Order, counsel for plaintiff is to serve the complaint along with this Order within ten days of the date of this Order.

Counsel for all parties are ordered to meet and confer in person no later than fifteen court days before the initial CMC to discuss the subjects listed below.  Counsel

must be fully prepared to discuss these subjects with the court.

Agenda for the Initial CMC

1. Any issues of recusal or disqualification;

2. Any potentially dispositive or important threshold issues of law or fact that, if considered by the court, may simplify or further resolution of the case;

3. Appropriate mechanisms for Alternative Dispute Resolution;

4. A plan for the preservation of evidence and a uniform system for the identification of documents to be used throughout the course of this litigation, including discovery and trial;

5. A discovery plan for the disclosure and production of documents and other discovery, including whether the court should order automatic disclosures, patterned on Federal Rule of Civil Procedure 26(a) or otherwise;

6. Whether it is advisable to conduct discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case;

7. Any issues involving the protection of evidence and confidentiality;

8. The use and selection of an electronic service provider;

9. The handling of any potential publicity issues.

10. Any other issues counsel deem appropriate to address with the court.

The Joint Report

Counsel are ordered to prepare a Joint Report for the initial CMC, to be filed **directly in Department S-26** (not in the Clerk's office), **no later than ten court days before the conference date.**  The Joint Report must include the following:

1. Whether the case should or should not be treated as complex;

-3-

2.  Whether additional parties are likely to be added and a proposed date by which all parties must be served;

3.  A service list (the service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses, and fax numbers for all counsel.)

4.  Whether the court should issue an order requiring electronic service.  Counsel should advise the court regarding any preferred web-based electronic service provider;

5.  Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case.

6.  Whether there are applicable arbitration agreements, and the parties' views on their enforceability;

7.  A list of all related litigation pending in this or other courts (state and federal), a brief description of any such litigation, including the name of the judge assigned to the case, and a statement whether any additional related litigation is anticipated;

8.  A description of the major factual and legal issues in the case.  The parties should address any contracts, statutes, or regulations on which claims or defenses are based, or which will require interpretation in adjudicating the claims and defenses;

9.  The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

-4-

10. A discovery plan, including the time need to conduct discovery and whether discovery should be conducted in phases or limited (and, if so, the order of phasing or types of limitations).  With respect to the discovery of electronically stored information (ESI ), the plan should include:

    a.  Identification of the Information Management Systems used by the parties;

    b.  The location and custodians of information that is likely to be subject to production (including the identification of network and email servers and hard-drives maintained by custodians);

    c.  The types of ESI that will be requested and produced, e.g. data files, emails, etc.;

    d.  The format in which ESI will be produced;

    e.  Appropriate search criteria for focused requests.

    f.  A statement whether the parties will allow their respective IT consultants or employees to participate directly in the meet and confer process.

11.  Whether the parties will stipulate that discovery stays or other stays entered by the court for case management purposes will be excluded in determining the statutory period for bringing the case to trial under Code of Civil Procedure Section 583.310 (the Five Year Rule).

12.  Recommended dates and times for the following:

    a.  The next CMC;

    b.  A schedule for any contemplated ADR;

    c.  A filing deadline (and proposed briefing schedule) for any anticipated non-discovery motions.

d.  With respect to class actions, the parties' tentative views on an

appropriate deadline for a class certification motion to be filed.

To the extent the parties are unable to agree on any matter to be addressed in the Joint Report, the positions of each party or of various parties should be set forth separately.  The parties are encouraged to propose, either jointly or separately, any approaches to case management that they believe will promote the fair and efficient handling of this case.

Any stipulations to continue conferences or other hearings throughout this litigation must be filed with the court **directly in Department S-26** (not in the Clerk's office), **no later than ten court days before the conference or hearing date.**

DATED:  10/25/19

DAVID COHN
_____
David Cohn,
Judge of the Superior Court

Updated October 24, 2019

-6-

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26

## THE SAN BERNARDINO COUNTY COMPLEX LITIGATION PROGRAM

Department S-26 is the Complex Litigation Department for the Superior Court of the State of California, County of San Bernardino.  It is located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, CA 92415-0210, on the eighth floor.  Judge David Cohn presides in the Complex Litigation Department.  The telephone number for Complex Litigation Department is 909-708-8866.

## DEFINITION OF COMPLEX LITIGATION

As defined by California Rules of Court, rule 3.400(a), a complex case is one that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel.

Complex cases typically have one or more of the following features:

- A large number of separately represented parties.
- Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve.
- A substantial amount of documentary evidence.
- A large number of witnesses.
- Coordination with related actions pending in one or more courts in other counties or states or in a federal court.
- Substantial post-judgment judicial supervision.

Complex cases may include, but are not necessarily limited to, the following types of cases:

- Antitrust and trade regulation claims.
- Construction defect claims involving many parties or structures.
- Securities claims or investment losses involving many parties.
- Environmental or toxic tort claims involving many parties.
- Mass torts.
- Class actions.
- Claims brought under the Private Attorney General Act (PAGA).
- Insurance claims arising out of the types of claims listed above.
- Judicial Council Coordinated Proceedings (JCCP).
- Cases involving complex financial, scientific, or technological issues.

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26

## CASES ASSIGNED TO THE COMPLEX LITIGATION DEPARTMENT

### A.  Cases Designated by a Plaintiff as Complex or Provisionally Complex

All cases designated by a plaintiff as complex or provisionally complex on the Civil Case Cover Sheet (Judicial Council Form CM-100) will be assigned initially to the Complex Litigation Department. The Court will issue an Initial Case Management Conference Order and schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for the earliest practicable date, generally within approximately seventy-five days of the filing of the complaint.

A plaintiff designating the case as complex or provisionally complex must serve the Initial Case Management Conference Order and a copy of these guidelines on all parties at the earliest opportunity, but in no event later than thirty days before the conference, and must file Proof of Service of the Summons and Complaint and the Initial Case Management Conference Order with the court.

A defendant who agrees that the case is complex or provisionally complex may indicate a "Joinder" on the Civil Case Cover Sheet (Form CM- 100).

A defendant who disagrees that the case is complex or provisionally complex may raise the issue with the court at the Initial Case Management Conference.

### B.  Cases Counter-Designated By a Defendant as Complex or Provisionally Complex

All cases which were not designated by a plaintiff as complex or provisionally complex, but which are counter-designated by a defendant (or cross-defendant) as complex or provisionally complex on the Civil Case Cover Sheet (Judicial Council Form CM-100), will be re-assigned to the Complex Litigation Department. At such time, the Court will schedule an Initial Case Management Conference for the earliest practicable date, generally within approximately forty-five days.  A defendant (or cross-defendant) counter-designating the case as complex or provisionally complex must serve a copy of these guidelines on all parties at the earliest opportunity, but in no event later than thirty days before the conference.

A plaintiff or other party who disagrees with the counter-designation may raise the issue with the court at the Initial Case Management Conference.

### C.  Other Cases Assigned to the Complex Litigation Department

Whether or not the parties designate the case as complex or provisionally complex, the following cases will be initially assigned to the Complex Litigation Department:

- All Construction Defect Cases.
- All Class Actions.
- All Cases Involving Private Attorney General Act (PAGA) Claims.[1]
- Judicial Council Coordinated Proceedings if so assigned by the Chair of the Judicial Council.

---

[1]      The Civil Case cover Sheet (Judicial Council Form CM-100) may not reflect the presence of a PAGA claim. PAGA claims erroneously assigned to non-complex departments are subject to re-assignment to the Complex Litigation Department by the assigned judge.

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26

## REFERRAL TO THE COMPLEX LITIGATION DEPARTMENT BY OTHER DEPARTMENTS

A judge who is assigned to a case may, but is not required to, refer the case to the Complex Litigation Department to be considered for treatment as a complex case if (1) the case was previously designated by a party as complex or provisionally complex, or (2) the referring judge deems the case to involve issues of considerable legal, evidentiary, or logistical complexity, such that the case would be best served by assignment to the Complex Litigation Department. Such a referral is not a re-assignment, but is a referral for consideration.

In any case referred by another judge to the Complex Litigation Department, the Complex Litigation Department will schedule an Initial Case Management Conference, generally within thirty days, and will provide notice to all parties along with a copy of these guidelines. If the case is determined by the Complex Litigation Department to be appropriate for treatment as a complex case, the case will be re- assigned to the Complex Litigation Department at that time. If the case is determined by the Complex Litigation Department not to be complex, it will be returned to the referring judge.

## STAY OF DISCOVERY PENDING THE INITIAL CASE MANAGEMENT CONFERENCE

For cases that are assigned to the Complex Litigation Department, discovery is automatically stayed pending the Initial Case Management Conference, or until further order of the court. Discovery is not automatically stayed, however, for cases that were initially assigned to other departments and are referred to the Complex Litigation Department for consideration, unless the referring judge stays discovery pending determination by the Complex Litigation whether the case should be treated as complex.

## OBLIGATION TO MEET AND CONFER BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE

Prior to the Initial Case Management Conference, all parties are required to meet and confer to discuss the items specified in California Rules of Court, rule 3.750(b) , and they are required to prepare a Joint Statement specifying the following:

- Whether additional parties are likely to be added, and a proposed date by which any such parties must be served.
- Each party's position whether the case should or should not be treated as a complex.
- Whether there are applicable arbitration agreements.
- Whether there is related litigation pending in state or federal court.
- A description of the major legal and factual issues involved in the case.
- Any discovery or trial preparation procedures on which the parties agree. The parties should address what discovery will be required, whether discovery should be conducted in phases or otherwise limited, and whether the parties agree to electronic service and an electronic document depository and, if so, their preferred web-based electronic service provider.
- An estimate of the time needed to conduct discovery and to prepare for trial.
- The parties' views on an appropriate mechanism for Alternative Dispute Resolution.
- Any other matters on which the parties request a court ruling.

**The Joint Statement is to be filed directly in the Complex Litigation Department no later than ten court days before the conference.** This requirement of a Joint Statement is not satisfied by using Judicial Council Form CM-110, pursuant to California Rules of Court, rule 3 .725(a), or by parties filing individual statements. Failure to participate meaningfully in the "meet and confer" process or failure to submit a Joint Statement may result in the imposition of monetary or other sanctions.

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26

## THE INITIAL CASE MANAGEMENT CONFERENCE

At the Initial Case Management Conference, the court will determine whether the action is a complex case, as required by California Rules of Court, rule 3.403. If the court determines the case is complex, the court will issue further management-related orders at that time. If the court determines the case is not complex, the case may be retained by the judge in Department S-26, but not treated as a complex case, or it may be reassigned to a different department; if the case was referred by another judge and the case is found to be inappropriate for treatment as a complex case, the case will be returned to the referring judge.

At the Initial Case Management Conference, the court and counsel will address the subjects listed in California Rules of Court, rule 3.750(b), and all issues presented by the Joint Statement.

Once a case is deemed complex, the function of the Initial Case Management Conference and all subsequent Case Management Conferences is to facilitate discovery, motion practice, and trial preparation, and to discuss appropriate mechanisms for settlement negotiations.

Lead counsel should attend the Initial Case Management Conference. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if such counsel is fully informed about the case and has full authority to proceed on all issues to be addressed at the conference. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed.

## TELEPHONIC APPEARANCES

Telephonic appearances are allowed, though discouraged when counsel will be addressing complex substantive issues.  Please do not use cell phones or speaker phones.

## CASE MANAGEMENT ORDERS

The court may issue formal, written case management orders. Typically, complex construction defect cases will proceed pursuant to such an order. Other cases involving numerous parties or unusual logistical complexity may be appropriate for such a written order as well. The need for a written case management order will be discussed at the Initial Case Management Conference or at later times as the need arises. The parties will prepare such orders as directed by the court.

## FURTHER CASE MANAGEMENT CONFERENCES

After the Initial Case Management Conference, the court will schedule further case management conferences as necessary and appropriate on a case-by-case basis. As issues arise during calling the Complex Litigation Department (909-708-8866).  The court will schedule such additional case management conferences at the earliest opportunity.

As with the Initial Case Management Conference, lead counsel should attend all case management conferences. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if such counsel is fully informed about the case and has full authority to proceed on all issues to be addressed. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed.

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26

## VOLUNTARY SETTLEMENT CONFERENCES

If all parties agree, the court is available to conduct settlement conferences. Requests for settlement conferences may be made at any Case Management Conference or hearing, or by telephoning the Complex Litigation Department (909-708-8866).

## MANDATORY SETTLEMENT CONFERENCES

In appropriate cases, the court may order mandatory settlement conferences. Parties with full settlement authority, including insurance adjustors with full settlement authority, must attend all mandatory settlement conferences in person. Availability by telephone is not allowed at mandatory settlement conferences absent prior approval of court.

## MANAGEMENT OF CLASS ACTIONS

In class actions and putative class actions that are deemed complex, the Initial Case Management Conference will function as the Case Conference required by California Rules of Court, rules 3 .762 and 3.763.

## OBLIGATION TO MEET AND CONFER REGARDING MOTIONS

In addition to any other requirement to "meet and confer" imposed by statute or Rule of Court in connection with motions, all counsel and unrepresented parties are required to "meet and confer" in a good faith attempt to eliminate the necessity for a hearing on a pending motion, or to resolve or narrow some of the issues. The moving party must arrange for the conference, which can be conducted in person or by telephone, to be held no later than four calendar days before the hearing. No later than two calendar days before the hearing, the moving party is required to file a notice in the Complex Litigation Department, with service on all parties, specifying whether the conference has occurred and specifying any issues that have been resolved. If the need for a hearing has been eliminated, the motion may simply be taken off-calendar. Failure to participate meaningfully in the conference may result in the imposition of monetary or other sanctions.

The obligation to "meet and confer" does not apply to applications to appear pro hac vice or to motions to withdraw as counsel of record.

## FORMAT OF PAPERS FILED IN CONNECTION WITH MOTIONS

Counsel and unrepresented parties must comply with all applicable statutes, Rules of Court, and Local Rules regarding motions, including but not limited to their format. Additionally, exhibits attached to motions and oppositions must be separately tabbed at the bottom, so that exhibits can be easily identified and retrieved.

## ELECTRONIC SERVICE AND DOCUMENT DEPOSITORY

The parties in cases involving numerous parties or large quantities of documents are encouraged to agree to electronic service for all pleadings, motions, and other materials filed with the court as well as all discovery requests, discovery responses, and correspondence . Nevertheless, parties must still submit "hard" copies to the court of any pleadings, motions, or other materials that are to be filed.

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26

## INFORMAL DISCOVERY CONFERENCES

The court is available for informal discovery conferences at the request of counsel. Such conferences may address the scope of allowable discovery, the order of discovery, issues of privilege, and other discovery issues that may arise. Counsel may contact the Complex Litigation Department to schedule an informal conference (909-708-8866).

Before filing any discovery motion, the moving party is required to "meet and confer" with counsel as required by statute. If the "meet and confer" exchange fails to resolve all issues, the moving party is **required** to request an informal conference with the court before filing any discovery motion. Making a request for an informal discovery conference automatically stays the deadline for filing a motion.

Telephonic appearances are not allowed absent prior approval by the court. Briefing is not required, though the relevant discovery record should be made available for the court (but not filed).

## CONFIDENTIAL DOCUMENT AND PROTECTIVE ORDERS

Proposed protective orders dealing with confidential documents should state expressly that nothing in the order excuses compliance with California Rules of Court, rules 2 .550 and 2.551. Proposed protective orders that are not compliant with the requirements of the Rules of Court will be rejected.

## THE PRETRIAL CONFERENCE

The court will schedule a pre-trial conference, generally thirty to sixty days in advance of the trial. Counsel and the court will discuss the following matters, which counsel should be fully informed to address:

- Whether trial will be by jury or by the court.
- Anticipated motions *in limine* or the need for other pre-trial rulings.
- The anticipated length of trial.
- The order of proof and scheduling of witnesses, including realistic time estimates for each witness for both direct and cross-examination.
- If there is a large number of anticipated witnesses, whether counsel wish to have photographs taken of each witness to refresh the jury's recollection of each witness during closing argument and deliberation.
- Whether deposition testimony will be presented by video.
- The need for evidentiary rulings on any lengthy deposition testimony to be presented at trial.
- Stipulations of fact.
- Stipulations regarding the admission of exhibits into evidence.
- If there is a large amount of documentary evidence, how the exhibits will be presented in a meaningful way for the jury.
- The use of technology at trial, including but not limited to electronic evidence.
- Any unusual legal or evidentiary issues that may arise during the trial.

## THE TRIAL READINESS CONFERENCE

Trial Readiness Conferences are held at 8:30 a.m., typically on the Thursday morning preceding the scheduled trial date. Counsel and unrepresented parties must comply fully with Local Rule 411.2, unless otherwise directed by the court. Failure to have the required materials available for the court may result in the imposition of monetary or other sanctions.

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26

### TRIALS

Trial dates are generally Monday through Thursday, 11:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m. Lengthy trials, however, may require deviation from this schedule. Unless otherwise ordered by the court, counsel and unrepresented parties must be present in the courtroom at least ten minutes before each session of trial is scheduled to begin.

Whenever possible, issues to be addressed outside the presence of the jury should be scheduled in a manner to avoid the need for the jury to wait.

Counsel are also directed to the "Rules and Requirements for Jury Trials" for Department S-26 (known as the "Green Sheet"). Copies are available upon request in Department S-26.

Revised October 25, 2019

## PROOF OF SERVICE

**STATE OF CALIFORNIA**                  )
                                         )   **ss.**
**COUNTY OF LOS ANGELES**                )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is One Wilshire Boulevard, Suite 2200, Los Angeles, California 90017.

On November 19, 2019, I served the following documents described as:

### PLAINTIFF'S NOTICE OF INITIAL CASE MANAGEMENT CONFERENCE

on all interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as shown on the attached mailing list.

[ ]   (BY FACSIMILE)
I am readily familiar with the business practices of this office.  The telephone number of the facsimile machine I used was (213) 489-9961.  This facsimile machine complies with Rules 2003(3) of the California Rules of Court.  Upon transmission, no error was reported by the facsimile machine and a printed copy of the machine's transmission record indicating that the transmission was successfully completed is attached to this declaration.

[ ]   (BY PERSONAL SERVICE)
By having copies personally delivered to the designated party(ies).

[ ]   (BY CASE ANYWHERE)
Based on a court order to accept service by electronic means, I caused a true and correct copy of the document(s) to be served electronically on counsel of record by transmission to Case Anywhere.

[X]   **(BY MAIL)**
I am familiar with my employer's mail collection and processing practices; know that mail is collected and deposited with the United States Postal Services on the same day it is deposited in the interoffice mail; and know that postage thereon is fully prepaid.

[ ]   (BY FEDERAL EXPRESS COURIER AND COURTESY EMAIL)
I am "readily familiar" with the firm's practice of collection and processing correspondence for Federal Express delivery.  Under that practice it would be deposited with the Federal Express Courier on that same day at Los Angeles, California in the ordinary course of business.

[X]   **(State)**       I declare under penalty of perjury that the above is true and correct.

[ ]   (Federal)       I declare that I am employed in the office of a member the Bar of this Court at whose direction the service was made.

Executed on November 19, 2019, at Los Angeles, California.

_____
DIANA JIMENEZ

*Chansue Kang v. P.F. Chang's China Bistro, Inc.,*
**Superior Court of California, County of San Bernardino, Case No.: CIVDS1931220**

**SERVICE LIST**

**Attorneys for Defendants**
**P.F. Chang's China Bistro**

Patrick J. Wingfield
James Murphy
88 Kearny Street, 10th Floor
San Francisco, CA 94108
Telephone: (415) 788-1900
Facsimile: (415) 393-8087

**Attorneys for Defendants**
**P.F. Chang's China Bistro**

Patrick Gillespie
550 S. Hope Street, Suite 65088
Los Angeles, CA 90071
Telephone: (213) 327-3500
Facsimile: (213) 627-2445

**Attorneys for Plaintiff, Chansue Kang**

Preston H. Lim
3435 Wilshire Blvd., Suite 2350
Los Angeles, CA 90010
Telephone: (213) 900-3000
Facsimile: (213) 204-3000

**Attorneys for Plaintiff, Chansue Kang**

Jong Yun Kim
3600 Wilshire Blvd., Suite 2226
Los Angeles, California 90010
Telephone: (213) 351-9400
Facsimile: (213) 736-6514