James A. Murphy - 062223
    JMurphy@mpbf.com
Patrick J. Wingfield - 265140
    PWingfield@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA  94108-5530
Tel:   (415) 788-1900
Fax:   (415) 393-8087

Patrick Gillespie – 302456
    PGillespie@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
550 S. Hope Street, STE 650
Los Angeles, CA  90071
Tel:   (415) 788-1900
Fax:   (415) 393-8087

Attorneys for Defendant
P.F. CHANG'S CHINA BISTRO, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CHANSUE KANG, an individual, and on behalf of other members of the general public similarly situated; <br><br> Plaintiff, <br><br> v. <br><br> P.F. CHANG'S CHINA BISTRO, INC., an Arizona corporation; and DOES 1-100, inclusive, <br><br> Defendants. | Case No.: 5:19-cv-02252 PA (SPx) <br><br> **DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **Date:**  January 6, 2020 <br> **Time:**  1:30 p.m. <br> **Courtroom:**  9A, 9th Floor <br> 350 W. 1st Street <br> Los Angeles, California <br><br> **Action Filed**:  November 25, 2019 <br> Judge:  Hon. Percy Anderson <br> Dept.:  9A |

- 1 -

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................10

I.      INTRODUCTION ...................................................................................10

II.     FACTUAL AND PROCEDURAL BACKGROUND ...............................10

        A.      SUMMARY OF THE PARTIES TO THIS LAWSUIT .....................................10

        B.      PROCEDURAL BACKGROUND.................................................................11

        C.      THE ALLEGATIONS OF THE FAC ...........................................................11

        III.    MOTION TO DISMISS.........................................................................12

        A.      PLAINTIFF LACKS STANDING TO PURSUE ITS CLAIM FOR VIOLATION OF CONSUMER PROTECTION LAWS OF SISTER STATES ...........................12

        B.      PLAINTIFF FAILS TO STATE CLAIMS FOR RELIEF ...............................14

                1.      Applicable Legal Standards | FRCP 12(b)(6) ..........................14

                2.      Plaintiff's Claim for Relief under the CLRA Fails as a Matter of Law ....................................................................................16

                3.      Plaintiff's Claim for Relief under the FAL Fails as a Matter of Law Because Restaurant Menus are Not "Advertising" .........20

                4.      Plaintiff's Claims for Relief Under the CLRA, UCL, and FAL Fail as a Matter of Law Because it is Implausible Reasonable Members of the Public Would be Deceived As Alleged.........21

                5.      Plaintiff's Claim under the "Unlawful Prong" of the UCL Fails as a Matter of Law ..........................................................24

                6.      Plaintiff Cannot State a Claim for Breach of Express Warranty24

IV.     CONCLUSION ............................................................................................26

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ...................................................................... 15

*Bank of the West v. Sup. Ct.*
(1992) 2 Cal.4th 1254 ................................................................... 20

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ...................................................................... 15

*Brady v. Bayer Corporation*
26 Cal.App.5th 1156 (2018) ......................................................... 24

Cahill v. Liberty Mut. Ins. Co.
80 F.3d 336 (9th Cir. 1996) ........................................................... 15

*Ceja v. J.R. Wood, Inc.*
196 Cal.App.3d 1372
Cal. Rptr. 531 (1987) .................................................................... 16

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*
20 Cal.4th 163 (1999) .................................................................... 24

*Cetacean Cmty. v. Bush*
386 F.3d 1169 (9th Cir. 2004) ....................................................... 13

*Colgate v. JULL Labs, Inc.*
345 F.Supp.3d 1178 (2018) ............................................................ 25

*Corcoran v. CVS Health Corp., Inc.*
15-cv-3504-YGR, 2016 WL 4080124, * 2-3
(N.D. Cal. July 29, 2016) .............................................................. 13

*Elias v. Hewlett–Packard Co.*
903 F.Supp.2d 843 (N.D. Cal. 2012) ............................................. 25

*Emp'rs Ins. of Wausau v. Granite St. Ins. Co.*
330 F. 3d 1214 (9th Cir. 2003) ...................................................... 18

*Farmers Ins. Exch. v. Sup.Ct.*
2 Cal.4th 377 (1992) ...................................................................... 24

*Freeman v. Time, Inc.*
68 F.3d 285 (9th Cir.1995) ....................................................... 21, 22

*Holt v. Noble House Hotels & Resorts*
370 F.Supp.3d 1158 (S.D. Cal. 2019) ................................ 7, 16, 17, 21

*In re Carrier IQ Inc.*
78 F.Supp.3d 1051 (N.D. Cal. 2015) ............................................. 13

- 3 -

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

# TABLE OF AUTHORITIES
### (continued)

**Page**

*In re Sony Gaming Networks & Customer Data Sec. Breach Litg.*
996 F.Supp.2d 942 (S.D. Cal. 2014) ........................................................... 22

*Joanne v. Berryhill*
No. EDCV 18-0997-JPR, 2019 WL 2303833
(C.D. Cal. May 29, 2019) ............................................................................ 23

*Jones v. Micron Technology, Inc.*
No. 18-cv-02518-JSW, 2019 WL 4232417 *5
(N.D. Cal. Sept. 3, 2019) ................................................................. 8, 13, 14

*Kasky v. Nike, Inc.*
27 Cal.4th 939 (2002) ................................................................................. 24

*Keith v. Buchanan*
173 Cal.App.3d 13 (1985) ........................................................................... 25

*Lavie v. Procter & Gamble Co.*
105 Cal.App.4th 496
129 Cal Rptr. 2d 486, 495 (2003) ............................................................... 21

*Linear Tech. Corp. v. Applied Materials, Inc.*
152 Cal. App. 4th 115
Cal. Rptr. 3d 221 ........................................................................................ 22

Lopez v. Smith
203 F.3d 1122 (9th Cir. 2000) .................................................................... 15

*Lujan v. Defenders of Wildlife*
504 U.S. 555 (1992) .................................................................................... 12

*Maya v. Centex Corp.*
658 F.3d 1060 (9th Cir. 2011) .................................................................... 13

*McDonnell Douglas Corp. v. Thiokol Corp.*
124 F.3d 1173 (9th Cir.1997) ............................................................... 24, 25

*McKinnis v. Kellogg USA*
No. CV 07-2611, 2007 WL 4766060, *3-5 (C.D. Cal. Sept. 19, 2007) ............. 7, 8, 22

*Mollicone v. Universal Handicraft, Inc.*
No. 216CV07322CASMRWX, 2017 WL 440257, at *9
(C.D. Cal. Jan. 30, 2017) ............................................................................ 13

*Nunez by Nunez v. City of San Diego*
114 F.3d 935 (9th Cir. 1997) ...................................................................... 18

*Pardini v. Unilever United States, Inc.*
961 F.Supp.2d 1048 (N.D. Cal. 2013) ........................................................ 13

*People v. Witzerman*
(1972) 29 Cal.App.3d 169 ........................................................................... 20

- 4 -

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

# TABLE OF AUTHORITIES
(continued)

**Page**

*Sprewell v. Golden State Warriors*
266 F.3d 979 (9th Cir. 2001) ................................................................. 15

*Van Mourik v. Big Heart Pet Brands, Inc*.
No. 3:17-cv-3889-JD, 2018 WL 1116715, * 1-2
(N.D. Cal. March 1, 2018) ..................................................................... 13

*Vespi v. Galaxy Taco*
Case No. 37-2017-00017791 (San Diego Cnty. Super. Ct.
May 16, 2017) ................................................... 7, 17, 18, 19, 20

*Videtto v. Kellogg USA*
No. 2:08-cv-01324 MCE
2009 WL 1439086, *3 (E.D. Cal. May 21, 2009) ................... 7, 8, 22, 23, 24

*White v. Lee*
227 F. 3d 1214 (9th Cir. 2000) .............................................................. 12

*Williams v. Gerber Prods.* Co. |
552 F.3d 934 (9th Cir. 2008) ........................................................... 21, 22

**STATUTES**

California Business & Professions Code
§ 17200 ............................................................................. 7, 12, 21, 24
§ 17500 ............................................................................. 7, 12, 20, 21

Civil Code
§ 1750(a)(2) .......................................................................................... 7
§ 1750(a)(5) .......................................................................................... 7
§ 1750(a)(7) .......................................................................................... 7
§ 1750(a)(9) .......................................................................................... 7
§ 1760 ................................................................................................. 16
§ 1761 ........................................................................................... 16, 19
§ 1761(b) ............................................................................................ 19
§ 1770 ................................................................................................. 21
§ 1770(a)(2) .................................................................................. 18, 24
§ 1770(a)(5) ........................................................................................ 18
§ 1770(a)(7) ........................................................................................ 19
§ 1770(a)(9) .................................................................................. 16, 18
§ 1770(a)(20) ...................................................................................... 18

Commercial Code
§ 2313(1)(a) ........................................................................................ 24

**OTHER AUTHORITIES**

5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure (2004)
§ 1363 ................................................................................................. 15

Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann.
§ 501.201et seq. ................................................................................... 8

- 5 -

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

# TABLE OF AUTHORITIES
(continued)

**Page**

New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law
§ 349 et. seq................................................................................................................8

Texas Deceptive Trade Practices-Consumer Protection Act Business & Commerce Code
§ 17.14 et seq............................................................................................................8

## RULES

Federal Rules of Civil Procedure
Rule 12(b)(1) ..................................................................................................7, 12

Federal Rules of Civil Procedure
Rule 12(b)(6) ............................................................................................7, 12, 22

- 6 -

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT** on January 6, 2020, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 9A of the above-captioned court, located at 350 W. 1st Street, Los Angeles, California, defendant P.F. CHANG'S CHINA BISTRO, INC., A DELAWARE CORPORATION ("P.F CHANG'S"), erroneously sued as P.F. CHANG'S CHINA BISTRO, INC., AN ARIZONA CORPORATION, will and hereby does move to dismiss this action in its entirety under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for the following principal reasons:

1. Plaintiff CHANSUE KANG ("Plaintiff") has failed to sufficiently plead a claim for relief under the California Consumer Legal Remedies Act [California Civil Code §§ 1750(a)(2), (5), (7), and (9)] ("CLRA") and Plaintiff cannot do so as a matter of law because: (1) restaurant menus do not constitute "advertising" and  restaurant dishes do not constitute "goods" or "services," as defined by the CLRA (*Holt v. Noble House Hotels & Resorts*, 370 F.Supp.3d 1158, 1166-67 (S.D. Cal. 2019); *Vespi v. Galaxy Taco*, Case No. 37-2017-00017791 (San Diego Cnty. Super. Ct. May 16, 2017)); and (2) it is implausible that members of the public would be deceived in the manner alleged in the First Amended Class Action Complaint ("FAC") by Plaintiff.  (*Videtto v. Kellogg USA*, No. 2:08-cv-01324 MCE, 2009 WL 1439086, *3 (E.D. Cal. May 21, 2009); *McKinnis v. Kellogg USA*, No. CV 07-2611, 2007 WL 4766060, *3-5 (C.D. Cal. Sept. 19, 2007).)

2. Plaintiff has failed to sufficiently plead a claim for relief under Section 17200 of the California Business & Professions Code, and Plaintiff cannot do so as a matter of law because: (1) Plaintiff's claim under the CLRA fails for the reasons stated above; and (2) it is implausible that members of the public would be deceived in the manner alleged by Plaintiff in the FAC.  (*Videtto v. Kellogg USA, *3 (E.D. Cal. 2009); *McKinnis v. Kellogg USA*, *3-5 (C.D. Cal. 2007).)

3. Plaintiff has failed to sufficiently plead a claim for relief under Section 17500 of the California Business & Professions Code, and Plaintiff cannot do so as a matter of law because: (1) restaurant menus do not constitute "advertising"; and (2) it is

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

implausible that members of the public would be deceived in the manner alleged by Plaintiff in the FAC.  (*Videtto v. Kellogg USA,* *3 (E.D. Cal. 2009); *McKinnis v. Kellogg USA*, *3-5 (C.D. Cal. 2007).)

4.    Plaintiff has failed to sufficiently plead a claim for relief for Breach of Express Warranty, and Plaintiff cannot do so as a matter of law because: (1) the claim is superfluous of Plaintiff's claims for relief under the CLRA, UCL, and FAL; and (2) the presence of "Krab Mix" on a restaurant menu does not constitute an express warranty that the menu item contains crab meat.

5.    Plaintiff cannot plead a claim for relief for violations of state consumer protection laws other than California (*e.g*., Texas Deceptive Trade Practices-Consumer Protection Act, Business & Commerce Code § 17.14 et seq., Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201 et seq., New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 349 et. seq.), and Plaintiff cannot do so as a matter of law because a plaintiff in a putative class action lacks standing to assert claims under the laws of states other than those where the plaintiff resides or was injured.  (*Jones v. Micron Technology, Inc.,* No. 18-cv-02518-JSW, 2019 WL 4232417, *5 (N.D. Cal. Sept. 3, 2019).)

This Motion to Dismiss is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the Request for Judicial Notice filed concurrently herewith, the pleadings, records, and documents on file with the court, including (without limitation) the FAC, such additional authority and argument as may be presented in any reply brief and at the hearing on this Motion to Dismiss, and such other matters of which the court may take judicial notice.

///

///

///

///

///

1

This motion is made following the conference of counsel pursuant to L.R. 7-3

2

which took place on November 19, 2019.

3

4

Dated: December 2, 2019          MURPHY, PEARSON, BRADLEY & FEENEY

5

6

By: */s/ Patrick J. Wingfield, Esq.*

7

James A. Murphy, Esq.
Patrick J. Wingfield, Esq.

8

Patrick Gillespie, Esq.
Attorneys for Defendant

9

P.F. CHANG'S CHINA BISTRO, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant P.F. CHANG'S CHINA BISTRO, INC. ("P.F. Chang's") is the owner of full-service restaurants commonly known as P.F. Chang's®.   Plaintiff CHANSUE KANG ("Plaintiff") brings this class action lawsuit against P.F. Chang's for violating consumer protection laws of the State of California and other states because the presence of the words "Krab Mix" on P.F Chang's menus *allegedly* deceived members of the public into believing some of its sushi rolls contain crab meat, when they allegedly, do not.

Plaintiff's claims strain common sense and fail as a matter of law for the following principal reasons.  *First*, Plaintiff lacks standing to assert claims under the laws of states other than the State of California.  *Second*, California law holds restaurant menus and the dishes described thereon do not constitute "advertising," "goods," or "services" to support a violation of the CLRA, UCL, or FAL.  *Third*, applying the reasonable consumer test, it is implausible that members of the public would be deceived as Plaintiff alleges.  Indeed, Plaintiff's claims run counter to common sense because of the fanciful use of the word "Krab Mix," the spelling deviation of "krab" *vs.* "crab," and depiction of dishes using the spelling "crab" on P.F. Chang's menu immediately below the dishes at issue. Furthermore, the ordinary meaning of "krab" is imitation crab.  *Fourth*, any claim under the "unlawful prong" of the UCL fails because Plaintiff's claim under the CLRA fails. *Lastly*, the presence of "Krab Mix" on P.F. Chang's menus does not constitute an express warranty.  Such claim conflates the claims at hand and is superfluous of Plaintiff's claims under the CLRA, UCL, and FAL.

For these reasons and as more particularly set forth below, P.F. Chang's respectfully requests that this Court dismiss each claim for relief set forth in the operative complaint *without leave to amend* and dismiss this lawsuit *with prejudice*.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

**A.   SUMMARY OF THE PARTIES TO THIS LAWSUIT**

Plaintiff resides in the State of California. (Request for Judicial Notice ("RJN"),

- 10 -

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

1  Ex. 1, ¶ 15.)  P.F. Chang's is a Delaware corporation[1] with its principal place of business

2  in Scottsdale, Arizona.  (RJN, Ex. 1 ¶¶ 17.)

3  **B.    PROCEDURAL BACKGROUND**

4       On October 23, 2019, Plaintiff filed a class action complaint ("Complaint") against

5  P.F. Chang's in the Superior Court of California, County of San Bernardino, Case No.

6  CIVDS1931220 ("State Action").  On October 24, 2019, Plaintiff filed a First Amended

7  Class Action Complaint ("FAC").  (RJN, **Ex. 1**.)  On November 25, 2019, P.F. Chang's

8  removed the State Action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1453, 1446.

9  **C.    THE ALLEGATIONS OF THE FAC**

10      From October 23, 2015 through the date of the filing of the FAC, Plaintiff alleges

11  P.F. Chang's menus have falsely labeled, represented, and advertised that certain sushi

12  rolls contained crab meat, when in fact, no crab meat was present.  (RJN, **Ex. 1**, ¶ 1-3.)

13  The sushi rolls in dispute are described as the "Kung Pao Dragon Roll, Shrimp Tempura

14  Roll, and/or California Roll" (collectively, the "Sushi Rolls"). (RJN, **Ex. 1**, ¶ 2.)

15  Specifically, Plaintiff alleges the presence of the words "Krab Mix" on P.F. Chang's

16  menus represented the Sushi Rolls contained an ingredient that "resemble[d] crab meat,

17  is equivalent to crab meat, and/or [was] crab meat."  (RJN **Ex. 1**, ¶ 3.)  However, Plaintiff

18  alleges the Sushi Rolls did not contain crab meat and "Krab Mix" is nutritionally inferior

19  to crab meat.  (RJN **Ex. 1**, ¶¶ 3, 4.)  Thus, the presence of "Krab Mix" on P.F. Chang's

20  menus allegedly deceived customers purchasing the Sushi Rolls into believing they

21  contained actual crab meat.  (RJN, **Ex. 1**, ¶ 3.)

22      Plaintiff purchased Sushi Rolls exclusively from P.F. Chang's California

23  restaurants, including a restaurant located at 3525 Carson Street, Torrance, California.

24  (RJN, Ex. 1, ¶¶ 15, 23.)  Prior to purchasing the Sushi Rolls, Plaintiff was exposed to and

25  read and relied upon P.F. Chang's menus and the use of the term "Krab Mix" depicted

26  thereon.  (RJN, **Ex. 1**, ¶¶ 16, 24.)

27

28
[1] Defendant P.F. Chang's China Bistro, Inc., a Delaware corporation was erroneously
sued as P.F. Chang's China Bistro, Inc., an Arizona corporation.

- 11 -

The FAC seeks to certify two separate classes of persons described as follows:

### California Class

All persons in California who purchased Food Products from P.F. Chang's for personal or household consumption, and not for resale or distribution purposes, that P.F. Chang's menu labeled to contain "Krab Mix," between October 23, 2015 and the date of judgment in this action. . . .

### State Consumer Protection Class

All persons in California, Florida, or New York who purchased Food Products from P.F. Chang's for personal or household consumption, and not for resale or distribution purposes, that P.F. Chang's menu labeled to contain "Krab Mix," between October 23, 2015 and the date of judgment in this action. . . .

(RJN, **Ex. 1**, ¶ 28.)

The FAC alleges five claims for relief for: (1) Unfair, Unlawful, and Fraudulent Business Practices in Violation of Business & Professions Code § 17200, et seq.; (2) False and Misleading Advertising in Violation of Business & Professions Code § 17500, et seq.; (3) Violation of the Consumer Legal Remedies Act, Cal. Civil Code § 1750, et seq.; (4) Breach of Express Warranty; and (5) Violations of Consumer Fraud Laws of states having similar laws to California regarding consumer fraud and deceptive trade practices and cites the following "relevant statutes:" Florida Deceptive and Unfair Trade Practices Act, Texas Deceptive Trade Practices-Consumer Protection Act, New York Deceptive Acts and Practices Act.

## III.   MOTION TO DISMISS

### A.   PLAINTIFF LACKS STANDING TO PURSUE ITS CLAIM FOR VIOLATION OF CONSUMER PROTECTION LAWS OF SISTER STATES

Article III of the Constitution requires Plaintiff have standing to assert claims in federal court. (*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).) Because questions of Article III standing go to a federal court's subject matter jurisdiction, an argument that Plaintiff lacks standing is "properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)." (*White v. Lee*, 227 F. 3d 1214, 1242 (9th Cir. 2000); see also *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th

- 12 -

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

1  Cir. 2004).)

2      "[S]tanding is claim-and-relief-specific:" a plaintiff must establish Article III

3  standing for each of his claims and for each form of relief he seeks. (*In re Carrier IQ*

4  *Inc.,* 78 F.Supp.3d 1051, 1064-65 (N.D. Cal. 2015) (internal citations and quotations

5  omitted).) To establish standing, Plaintiff has the burden to demonstrate: (i) Plaintiff

6  suffered an injury-in-fact; (ii) which resulted from the P.F. Chang's conduct; and (iii) that

7  a favorable ruling would redress the injury. (*Ibid.*) Plaintiff may not "rely on a bare legal

8  conclusion to assert injury-in-fact, or engage in ingenious academic exercise in the

9  conceivable to explain how defendants' actions caused his injury." (*Maya v. Centex Corp.*,

10  658 F.3d 1060, 1068 (9th Cir. 2011).)

11      "Courts in the Ninth Circuit have consistently held that a plaintiff in a putative class

12  action lacks standing to assert claims under the laws of states other than those where the

13  plaintiff resides or was injured." (*Jones v. Micron Technology, Inc.,* No. 18-cv-02518-

14  JSW, 2019 WL 4232417, *5 (N.D. Cal. Sept. 3, 2019) (citing *e.g.*, *Van Mourik v. Big*

15  *Heart Pet Brands, Inc.*, No. 3:17-cv-3889-JD, 2018 WL 1116715, * 1-2 (N.D. Cal. March

16  1, 2018) (holding named plaintiff, a resident of Texas, lacked standing to bring claims

17  under California law where she did not reside in California and did not suffer injury there);

18  *Mollicone v. Universal Handicraft, Inc.*, No. 216CV07322CASMRWX, 2017 WL

19  440257, at *9 (C.D. Cal. Jan. 30, 2017) (finding that "the majority of courts ... have

20  concluded that when a representative plaintiff is lacking for a particular state, all claims

21  based on that state's laws are subject to dismissal" and listing cases) (internal citation

22  omitted); *Corcoran v. CVS Health Corp., Inc.*, 15-cv-3504-YGR, 2016 WL 4080124, *

23  2-3 (N.D. Cal. July 29, 2016) (holding named plaintiffs lacked standing to bring claims

24  under the laws of thirty-eight states "to which they have alleged no connection"); *Pardini*

25  *v. Unilever United States, Inc.*, 961 F.Supp.2d 1048, 1061 (N.D. Cal. 2013) (holding

26  named plaintiff lacked standing to assert claims under laws of states other than state where

27  plaintiff purchased the product at issue); *In re Carrier IQ, Inc.*, 78 F.Supp.3d at 1074

28  (named plaintiffs in a consumer putative class action lacked Article III standing to assert

- 13 -

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

1  claims under consumer protection statutes from states in which they did not reside or did
2  not purchase the product at issue).)

3       In *Jones v. Micron Technology*, purchasers brought a putative class action lawsuit
4  against manufacturers and sellers of a semi-conductor product, alleging the defendants
5  violated various state consumer protection laws.  (2019 WL 4232417, at *1-2.)  The
6  defendants moved to dismiss because the plaintiffs lacked Article III standing.  (*Id*. at 1,
7  4.)  Although the plaintiffs brought claims under the laws of twenty-five states, the named
8  plaintiffs were residents of only five: California, Florida, Michigan, Kansas, and New
9  Hampshire.  (*Id*. at 5.)  The plaintiffs also did not allege they were injured or had any
10 connection to the twenty other states invoked by the complaint. (*Ibid*.)  Thus, the court
11 held the named plaintiffs lacked standing to bring claims based on the laws of states other
12 than California, Florida, Michigan, Kansas, and New Hampshire.  (*Id*. at 5 – 6.)

13      Here, like *Jones*, Plaintiff has filed a putative class action lawsuit and its Fifth
14 Claim for Relief alleges violation of consumer fraud and deceptive trade practices laws
15 of states other than California.[2]  However, like *Jones*, Plaintiff does not allege she was
16 injured in any state other than California or that she has any pertinent connection to the
17 other states.  In fact, the FAC alleges Plaintiff is a resident of the State of California and
18 purchased the Sushi Rolls from P.F. Chang's restaurants located in the State of California.
19 (RJN, Ex. 1, ¶ 15, 23.)  There are absolutely no allegations that Plaintiff resides, purchased
20 the Sushi Rolls, or was injured in any other state.

21      For these reasons, Plaintiff lacks standing to bring claims under the laws of any
22 jurisdiction invoked by the FAC other than California, and the Fifth Claim for Relief must
23 be dismissed *without leave to amend*.

24 **B.   PLAINTIFF FAILS TO STATE CLAIMS FOR RELIEF**

25      **1.   Applicable Legal Standards | FRCP 12(b)(6)**

26      Under FRCP 8(a)(2), a complaint must contain "a short and plain statement of the

---

27
28 [2] The only states explicitly referenced in the FAC other than the State of California include
Arizona, Florida, Texas, and New York. (RJN, Ex. 1, ¶ 9, 28, 73, 76.)

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

claim showing that the pleader is entitled to relief." A motion to dismiss should be granted if this Court finds Plaintiff failed to plead "enough facts to state a claim to relief that is plausible on its face." (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).) This "plausibility standard … asks for more than a sheer possibility that a defendant has acted unlawfully." (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 556).) "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief'" and, on that basis, must be dismissed. (*Iqbal*, 556 U.S. at 679 (quoting FRCP 8(a)(2) ).)

 "Determining whether a complaint states a plausible claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." (*Iqbal*, 556 U.S. at 663-64.) "[A]llegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." (*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).) However, this Court need not accept as true allegations in the [FAC] that are no more than legal conclusions or the "formulaic recitation of the elements of a cause of action." (*Iqbal*, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555); see also *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").) Furthermore, "[t]he court need not … accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." (*Id.*; see also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1363 (2004) (same).)

 If this Court dismisses claims for relief within the FAC, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held" a district court must not grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." (*Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).) For the reasons set forth below, the claims for relief set forth in FAC fail as a matter of law and cannot be cured by any amendment.

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

**2.**     <u>Plaintiff's Claim for Relief under the CLRA Fails as a Matter of Law</u>

Plaintiff alleges P.F. Chang's violated Sections 1770(a)(2), (5), (7), and (9) of the California Consumers Legal Remedies Act ("<u>CLRA</u>") because the presence of the words "Krab Mix" on P.F. Chang's menus misled customers to believe the Sushi Rolls contained crab meat, when in fact, no crab meat was present. (RJN, Ex. 1, ¶¶ 60, 61.) For the reasons set forth below, Plaintiff's claim for violations of Section 1770(a)(2), (5), (7), and (9) of the CLRA fails as a matter of law, and must be dismissed *without leave to amend*.

**a.**     **Governing Law**

The California Consumers Legal Remedies Act ("<u>CLRA</u>") prohibits certain practices the California legislature has deemed to be "unfair" or "deceptive." The CLRA provides "consumers" with a private right of action for "unfair methods of competition" and "unfair or deceptive acts or practices" in connection with "a transaction intended to result or which results in the sale or lease of goods or services." (Civ. Code §§ 1760, 1780(a).) California Civil Code § 1770 lists the unlawful practices under the CLRA.

**b.**     **Plaintiff's Claim Under Section 1770(a)(9) Fails as a Matter of Law Because Menus Do Not Constitute "Advertising"**

Section 1770(a)(9) of the CLRA prohibits "[a]dvertising goods or services with intent not to sell them as advertised." Thus, the alleged violation under Section 1770(a)(9) is predicated on the existence of "advertising." Civil Code Section 1761 sets forth the Legislature's definitions for the CLRA, but does not define "advertising." Thus, "[w]hen construing the meaning of words in a statute, courts should first look to the plain dictionary meaning of the word unless it has a specific legal definition." (See *Holt v. Noble House Hotels & Resorts*, 370 F.Supp.3d 1158, 1166 (citing *Ceja v. J.R. Wood, Inc.*, 196 Cal.App.3d 1372, 1375-1376 Cal. Rptr. 531 (1987).)

In *Holt*, the Southern District Court of California held restaurant menus do not constitute advertising to support a claim under the CLRA. (370 F. Supp. 3d at 1166 – 1167.) There, the plaintiff argued the defendant's surcharge practice violated the CLRA because its restaurant menus were advertisements and the menus did not indicate the total

price of the menu items when the surcharge was taken into account. (*Id* at. 1165.) In response, the defendant argued its restaurant menus did not constitute advertising and thus fell outside the ambit of the CLRA. (*Ibid.*)  The Southern District Court of California agreed with the defendant and reasoned as follows:

> Here, the CLRA does not define "advertising." *See* Cal. Civ. Code § 1761. However, § 1770(a)(20) provides some guidance, explaining that advertisements include, but are not limited to, "shelf tags, displays, and media advertising." Cal. Civ. Code § 1770(a)(20). California Civil Code § 1755 explains that media advertising "includ[es], but [is] not limited to, newspapers, magazines, broadcast stations, billboards and transit ads[.]" Cal. Civ. Code § 1755. Restaurant menus do not fit well within this statutory language. Menus are lists of dishes or offerings that may be ordered at a restaurant, not tags, displays, or ads one would find in a magazine or on billboards.
>
> Menus also do not fit well within the plain dictionary meaning of advertisements. According to Merriam-Webster Dictionary, "advertising" is defined as "the action of calling something to the attention of the public especially by paid announcements." MERRIAM-WEBSTER (2019), *available at* https://www.merriam-webster.com/dictionary/advertising. The term "advertisement" is defined as "a public notice" especially "one published in the press or broadcast over the air." *Id.*, *available at* https://www.merriam-webster.com/dictionary/advertisement. Finally, the term "advertise" is defined as "to make something known to[;]" "to make publicly and generally known[;]" "to announce publicly especially by a printed notice or a broadcast[;]" or "to call public attention to especially by emphasizing desirable qualities so as to arouse a desire to buy or patronize." *Id.*, *available at* https://www.merriam-webster.com/dictionary/advertise. Restaurant menus are not public announcements which are published or disseminated to the general public in an effort to arouse a desire to buy or patronize; rather, they are lists of offerings of items available at a restaurant.
>
> Accordingly, the Court finds as a matter of law that Noble House's surcharge practice does not constitute a *per se* violation…of the CLRA because menus are not advertisements under the plain language of the statute.

(*Holt,* 370 F. Supp. 3d at 1166 – 1167.)

Similarly, in *Vespi v. Galaxy Taco*, No. 37-2017-00017791-CU-MC-CTL (San Diego Cnty. Super. Ct. November 16, 2018)[3], Judge Timothy Taylor held restaurant

---

[3] Although the decision in *Vespi* is an unpublished state court opinion, it may be

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

menus do not constitute "advertising" to support a claim under the CLRA.  There, the plaintiff alleged the defendant's restaurant menus violated Section 1770(a)(9) and (20) of the CLRA.  (*Vespi*, No. 37-2017-00017791-CU-MC-CTL, at *6.) In response, the San Diego Superior Court of California held:

> [A restaurant menu] is not a public announcement that promote[s] the price of defendant's taco, entrees, and the like in order to entice a customer to enter Galaxy Taco.  Instead, it states a list of entrees, shared items, desserts, main courses, and tacos that may be ordered by one who decides to enter Galaxy Taco and be seated, served, and fed by Galaxy Taco.  Also, the menu was not a public promotion that induced plaintiff to drive to Galaxy Taco and purchase two tacos…

(*Vespi,* No. 37-2017-00017791-CU-MC-CTL, at * 10-11.)

Here, like *Holt* and *Vespi*, the alleged disseminated "advertisements" at issue are restaurant menus. (RJN, Ex. 1, ¶¶ 2, 6, 16, 22, 24, 28, 32, 33(a), 41, 46, 48, 51.)  Indeed, Plaintiff alleges P.F. Chang's restaurant menus falsely represent and advertise the Sushi Rolls contain crab meat by using the words "Krab Mix," when in fact, no crab meat was present.  (RJN, Ex. 1, ¶ 1-3, 16, 22, 24, 28.)  However, based on the authority cited above, restaurant menus are not advertisements under the plain language of the CLRA.  Therefore, logically speaking, Plaintiff cannot allege a violation of Section 1770(a)(9).

          **c.**    **Plaintiff's Claims for Violation of Section 1770(a)(2), (5), (7), and (9) Fail as a Matter of Law Because Sushi Rolls Do Not Constitute "Goods" or "Services" under the CLRA**

Section 1770(a)(2) of the CLRA prohibits anyone from "[m]isrepresenting the source, sponsorship, approval, or certification of goods or services"; Section 1770(a)(5) of the CLRA prohibits anyone from "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they

---

considered by federal courts and cited as persuasive authority. (*Emp'rs Ins. of Wausau v. Granite St. Ins. Co.*, 330 F. 3d 1214, 1220, n.8 (9th Cir. 2003); *Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 942, n 4 (9th Cir. 1997).)  The decision in *Vespi* is not available in a publicly accessible electronic database (*e.g.*, Westlaw) without incurring fees.  As such, a copy of the decision in *Vespi* is attached hereto, marked **Exhibit 1**, and incorporated herein by reference. (Fed. R. Civ. P. 32.1(b).)

do not have; and Section 1770(a)(7) of the CLRA prohibits anyone from "[r]epresenting that goods or services are of a particular standard, quality or grade…if they are of another."  Thus, although the CLRA applies to a broad range of conduct, its impact is limited to transactions that result in the sale or lease of "goods or services."

### (1)    *Sushi Rolls Are Not "Goods" under the CLRA*

Civil Code Section 1761 defines "goods" as tangible chattels, bought or leased for use primarily for personal, family, or household purposes, including certificates or coupons exchangeable for these goods, and including goods that, at the time of the sale or subsequently, are to be so affixed to real property as to become a part of real property, whether or not they are severable from the real property.  The CLRA's express limitation of goods to "tangible chattel" must be given meaning, and current California law suggests that these words exclude sushi rolls from the CLRA's coverage.

In *Vespi*, the San Diego Superior Court of California held a taco and dishes on a menu cannot be construed as a "good" under the CLRA. (No. 37-2017-00017791-CU-MC-CTL, at * 11.)  The San Diego Superior Court of California also held dishes on restaurant menus are not "products" under the CLRA.  (*Ibid*.)  In support thereof, the court held "no reasonable argument may be had that a taco is an 'economic good,' 'an article of commerce,' or a 'mass-produced unspecialized product'" for purposes of supporting a claim under the CLRA." (*Ibid*.)

Here, like a taco, a sushi roll is not a "tangible chattel."  Indeed, a sushi roll is not a good or product packaged for resale, transportation, modification, or incorporation for some other use.  Instead, the Sushi Rolls are made-to-order proprietary and perishable dishes exclusive to P.F. Chang's and made for consumption at P.F. Chang's restaurants.

For these reasons, the Sushi Rolls do not constitute a "good" under the CLRA.

### (2)    *Sushi Rolls Are Not "Services" Under the CLRA*

Civil Code Section 1761(b) defines "services" as "work, labor, and services for other than a commercial or business use, including services furnished in connection with

- 19 -

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

the sale or repair of goods." In *Vespi*, the San Diego Superior Court of California held "a taco cannot be construed as a 'service' under the CLRA." (*Id*., No. 37-2017-00017791-CU-MC-CTL, at *11.)   A taco is not "work, labor, and services for other than a commercial or business use." (*Ibid*.)

Like *Vespi,* a sushi roll is not a "service" as defined by the CLRA because, like a taco, a sushi roll is not "work, labor, and services for other than a commercial or business use." For these reasons, the Sushi Rolls do not constitute a "service" under the CLRA.

### 3.    Plaintiff's Claim for Relief under the FAL Fails as a Matter of Law Because Restaurant Menus are Not "Advertising"

To establish a violation of California Business & Professions Code § 17500, Plaintiff must show the following elements: (1) P.F. Chang's *intended* to either: (a) dispose of real or personal property, **or** (b) perform services; **and** *either* (2) P.F. Chang's publicly disseminated advertising which: (i) contained a statement which was untrue or misleading, (ii) which the defendant knew, or in the exercise of reasonable care should have known, was untrue or misleading, and (iii) which concerned the real or personal property or services or their disposition or performance; **or** (3) P.F. Chang's publicly disseminated advertising with the intent not to sell the property or services at the price stated or as advertised.   In other words, Plaintiff's claim under Section 17500 is predicated on P.F. Chang's public dissemination of advertising.

The term "public dissemination" means "to scatter, spread widely, broadcast, or disperse." (*People v. Witzerman* (1972) 29 Cal.App.3d 169, 180.)   Recent published opinions have interpreted "advertising" in a limited fashion. (*e.g., Bank of the West v. Sup. Ct*. (1992) 2 Cal.4th 1254, 1276-1277.)   In the *Bank of the West*, the California Supreme Court noted that most published opinions have interpreted "advertising" to mean "widespread promotional activities directed to the public at large" and that mere "personal solicitations" are not "advertising."

Here, the alleged disseminated advertisements at issue are P.F. Chang's restaurant menus. (RJN, Ex. 1, ¶¶ 2, 6, 16, 22, 24, 28, 32, 33(a), 41, 46, 48, 51.) However, as held

- 20 -

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

in *Holt*, "restaurant menus are not public announcements which are published or disseminated to the general public in an effort to arouse a desire to buy or patronize; rather, they are lists of offerings of items available at a restaurant." (370 F. Supp. 3d at 1166 – 1167.)  Thus, logically speaking, P.F. Chang's restaurant menus cannot support a claim for relief under the FAL as a matter of law.

For these reasons, Plaintiff's claim under the FAL must be dismissed *without leave to amend*.

### 4.   Plaintiff's Claims for Relief Under the CLRA, UCL, and FAL Fail as a Matter of Law Because it is Implausible Reasonable Members of the Public Would be Deceived As Alleged

Plaintiff's First, Second, and Third Claims for Relief are under California's Unfair Competition Law ("UCL"), the CLRA, and the FAL.  The UCL prohibits any "unlawful, unfair, or fraudulent business act or practice."  (Cal. Bus. & Prof. Code § 17200, *et. seq*.)  The FAL prohibits any "unfair, deceptive, untrue, or misleading advertising" (Cal. Bus. & Prof. Code § 17500, *et seq*.).  The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices."  (Cal. Civ. Code § 1770.)

In order to state a claim for relief under the UCL, CLRA, or FAL, Plaintiff must allege facts satisfying the "reasonable consumer" standard, *i.e.*, that members of the public are likely to be deceived.  (See *Williams v. Gerber Prods.* Co., 552 F.3d 934, 938 (9th Cir. 2008); *Freeman v. Time, Inc.,* 68 F.3d 285, 289 (9th Cir.1995); *Lavie v. Procter & Gamble Co.,* 105 Cal.App.4th 496, 506–07, 129 Cal Rptr. 2d 486, 495 (2003); *Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016).)  This requires more than a mere possibility that "Krab Mix" "might be misunderstood by some few consumers when viewing it in an unreasonable manner."  *(Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th at 508.)  Rather, the reasonable consumer standard requires a probability "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." (*Ibid*.)

Whether a business practice is deceptive is an issue of fact not generally appropriate for a decision on a motion to dismiss.  (See, *e.g.*, *Williams v. Gerber Products* Co., 552

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

F. 3d at 938 (citing *Linear Tech. Corp. v. Applied Materials, Inc*., 152 Cal. App. 4th 115, 134-135 Cal. Rptr. 3d 221).)   However, decisions granting motions to dismiss claims under the UCL, CLRA, and FAL have been entered because the alleged misrepresentation was not false or deceptive as a matter of law. (*See Williams*, 552 F. 3d at 939; *Videtto v. Kellogg U.S.A*, No. 2:08-cv-01324, 2009 WL 1439086, * 2. (E.D. Cal. May 21, 2009); *In re Sony Gaming Networks & Customer Data Sec. Breach Litg*., 996 F.Supp.2d 942, 989 (S.D. Cal. 2014); *Freeman v. Time, Inc*., 68 F.3d 285, 290 (9th Cir. 1995).)   The instant case falls into that category of cases in which dismissal is appropriate.

In *Videtto v. Kellogg USA*, the Central District of California found, as a matter of law, the labeling of the cereal Froot Loops was not misleading.  (2009 WL 1439086, at *3.)   There, the plaintiff alleged the Froot Loops label was misleading because of the presence of the word "Froot" in the name, pictures of cereal "made to resemble fruit," and small images of real fruit on the front label that led him to believe the cereal contained "real, nutritious fruit."  (*Id.*, 2009 WL 1439086, at *1.)   The plaintiff further alleged the defendant's "long history of producing wholesome breakfast cereals" induced his reliance on the Froot Loops labeling.  (*Id.)* In response, defendant moved dismiss under Federal Rule of Civil Procedure 12(b)(6).  The district court, applying the reasonable consumer test, found it implausible that members of the public would be deceived.  (*Id.*, 2009 WL 1439086, at *3.)   Therefore, it held the plaintiffs' UCL, FAL, and CLRA claims failed as a matter of law.  (*See Ibid.* (citing *McKinnis v. Kellogg USA*, 2007 WL 4766060, at *4.)

In granting the motion to dismiss, the Central District of California discussed factors that influenced its decision. (*Videtto v. Kellogg USA, 2009 WL 1439086,* at * 3.) For example, the court deemed the word "FROOT" to be a "fanciful use of a nonsensical word" that could not reasonably be understood to indicate the presence of actual fruit. (*Ibid.*) The court also took note that, far from resembling fruit, that the packaging depicted Toucan Sam and multi-colored rings which did not resemble fruit.  (*Ibid.)*

Here, as in *Videtto*, it is implausible that members of the public would be deceived by the presence of the words "Krab Mix" on P.F. Chang's menus for the following

- 22 -

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

principal reasons.  *First*, like the use of "FROOT" instead of "FRUIT" in *Videtto*, P.F Chang's uses a fanciful proprietary ingredient name "Krab Mix" instead of "Crab Mix." *Second*, the term "Krab" is synonymous with surimi and literally means imitation crab. (MERRIAM-WEBSTER (2019), available at https://www.merriam-webster.com/dictionary/surimi; see also https://en.m.wiktionary.org/wiki/krab (last visited Nov. 19, 2019)[4].)  "Surimi" is also often sold as "krab." (*Ibid*.)  *Third*, other dishes on P.F. Chang's menu, as partially depicted below and fully depicted in **Exhibit 2** to this Memorandum of Points and Authorities, are described with the use of the word "crab."[5] In fact, directly below the presence of the word "Krab Mix" is a dish called "crab wantons."  No reasonable consumer could see the ingredient "Krab Mix" and, at the same time, miss the other menu items surrounding it, including those spelled "crab" instead of "krab." (*Freeman v. Time, Inc*., 68 F.3d at 290 (holding that readying the flyer as a whole dispelled plaintiff's allegation that a particular statement was deceptive.)



---

[4] (*Joanne v. Berryhill*, No. EDCV 18-0997-JPR, 2019 WL 2303833 (C.D. Cal. May 29, 2019) (use of Wictionary as source for a type of hip surgery.)

[5] This Court may incorporate P.F. Chang's restaurant menu by reference because the complaint refers extensively to P.F. Chang's restaurant menu and the menu forms the basis for Plaintiff's claim.  (*Khoja v. Orexigen Therapeutics, Inc*., 889 F.3d 998, 1002 (9th Cir. 2018).)  Incorporation by reference is a judicially-created doctrine that treats certain documents as though they are part of the complaint itself.  (*Ibid*.)

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

Applying common sense to the spelling deviation of "krab" and "crab", the ordinary meaning of "krab", and depiction of other menu items using the spelling "crab" directly below the Sushi Rolls, it is, like *Videtto*, "implausible" reasonable consumers of the public would be deceived as alleged by Plaintiff.  (*Brady v. Bayer Corporation,* 26 Cal.App.5th 1156, 1165 (2018) – There is protection for literal truth. Furthermore, if a claim of misleading labeling runs counter to ordinary common sense or the obvious nature of the product, the claim is fit for disposition.)

For these reasons, Plaintiff's claims for violations of the CLRA, UCL, and FAL fail as a matter of law, and therefore must be dismissed *without leave to amend*.

### 5.   Plaintiff's Claim under the "Unlawful Prong" of the UCL Fails as a Matter of Law

The UCL permits a cause of action to be brought if a practice violates some other law.  In effect, the "unlawful" prong of § 17200 makes a violation of the underlying law a *per se* violation of § 17200. (*Kasky v. Nike, Inc.*, 27 Cal.4th 939, 950 (2002); *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal.4th 163, 180 (1999); *Farmers Ins. Exch. v. Sup.Ct.*, 2 Cal.4th 377, 383 (1992).)

Here, the caption to Plaintiff's First Claim for Relief is entitled "Unfair, Unlawful, and Fraudulent Business Practices in Violation of Business & Professions Code § 17200, et seq."  The only law the FAC alleges P.F. Chang's violated is Sections 1770(a)(2), (5), (7), and (9) of the CLRA.  However, as set forth above, Plaintiff's claim for relief under the CLRA fails as a matter of law.  Accordingly, any claim under the "unlawful prong" of the UCL also fails as a matter of law and must be dismissed *without leave to amend*.

### 6.   Plaintiff Cannot State a Claim for Breach of Express Warranty

"Under California law, any affirmation of fact or promise relating to the subject matter of a contract for the sale of goods, which is made part of the basis of the parties' bargain, creates an express warranty." (*McDonnell Douglas Corp. v. Thiokol Corp.,* 124 F.3d 1173, 1176 (9th Cir.1997) (citing Cal. Comm. Code § 2313(1)(a); see also *Colgate v. JULL Labs, Inc*., 345 F.Supp.3d 1178, 1194 (2018).) California courts use a three-step

- 24 -

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

approach to determine whether an express warranty was breached. (*Id.* (citing *Keith v. Buchanan,* 173 Cal.App.3d 13 (1985).)  "First, the court determines whether the seller's statement amounts to 'an affirmation of fact or promise' relating to the goods sold. Second, the court determines if the affirmation or promise was 'part of the basis of the bargain.' Finally, if the seller made a promise relating to the goods and that promise was part of the basis of the bargain, the court must determine if the seller breached the warranty." (*McDonnell Douglas Corp. v. Thiokol Corp.*, 124 F.3d 1173, 1176 (9th Cir. 1997) (citations omitted); *see also Elias v. Hewlett–Packard Co.*, 903 F.Supp.2d 843, 849 (N.D. Cal. 2012); see also *Colgate v. JULL Labs, Inc*., 345 F.Supp.3d, at 1194-1195.)

Plaintiff's claim for breach of express warranty is superfluous of Plaintiff's claims under the UCL, FAL, and CLRA and conflates the issues at hand.  Plaintiff alleges the presence of "Krab Mix" on P.F. Chang's menus represents the Sushi Rolls "resembles crab meat, is equivalent to crab meat, and/or contains crab meat, when in fact, no crab meat exists and Krab Mix is nutritionally inferior to crab meat."  (RJN, **Ex. 1**, ¶¶ 2-3.) However, P.F. Chang's menu, as depicted above, makes no such representation.  The issue at hand is not whether P.F. Chang's breached an express warranty that the Sushi Rolls contained real "crab" meat, but whether the presence of the fanciful proprietary ingredient name "Krab Mix" on P.F. Chang's menus is likely to deceive members of the public into believing the Sushi Rolls contain real crab meat.  As set forth above, it is implausible that members of the public are likely to be deceived as alleged by Plaintiff.

For these reasons, Plaintiff's Fourth Claim for Relief for breach of express warranty fails as a matter of law, and therefore must be dismissed *without leave to amend*.

///

///

///

///

///

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)

1

## IV.   <u>CONCLUSION</u>

2

For the reasons set forth above, P.F. CHANG's respectfully requests that this Court

3

enter an order dismissing the FAC *without leave to amend*, and thereby dismiss this action

4

is its entirety *with prejudice*.

5

Dated: December 2, 2019                    MURPHY, PEARSON, BRADLEY & FEENEY

6

7

By: */s/ Patrick J. Wingfield, Esq.*

8

James A. Murphy, Esq.
Patrick J. Wingfield, Esq.

9

Patrick Gillespie, Esq.
Attorneys for Defendant

10

P.F. CHANG'S CHINA BISTRO, INC.

11

3600893.docx

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 26 -

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case No.
5:19-cv-02252 PA (SPx)