UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 19-02252 PA (SPx) | Date | January 9, 2020 |
|---|---|---|---|
| Title | Chansue Kang v. P.F. Chang's China Bistro, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  None           Attorneys Present for Defendants:  None

**Proceedings:**     IN CHAMBERS—COURT ORDER

Before the Court is a Motion to Dismiss filed by defendant P.F. Chang's China Bistro, Inc. ("Defendant" or "P.F. Chang's").  (Dkt. No. 9 ("Mot.").)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing scheduled for January 6, 2020 at 1:30 p.m. is vacated and the matter taken off calendar.

**I.     Factual and Procedural Background**

Plaintiff Chansue Kang ("Plaintiff"), on behalf of both himself and a putative class he seeks to represent, alleges that Defendant "employed a classic bait and switch tactic whereby it falsely labeled and advertised food products containing crab on their menu, when in fact, no crab meat was present in the product."  (Dkt. No. 1-1 ("Compl.") ¶ 1.)  Plaintiff alleges "P.F. Chang's has engaged in the unfair and deceptive practic[e]" of selling "food items containing 'krab mix' on their menu, including but not limited to [Defendant's] Kung Pao Dragon Roll, Shrimp Tempura Roll, and/or California Roll" when "in fact, no crab meat exists in the krab mix."  (Id. ¶¶ 2-3.)  Plaintiff alleges that when purchasing food from P.F. Chang's, Plaintiff "relied on Defendant's misrepresentations on the menu [and] would not have purchased the various [food items containing krab mix] had he known that Defendant's representations were false and misleading."  (Id. ¶ 6.)

Plaintiff alleges that during the last four years, he purchased Defendant's krab mix food items at Defendant's location in Torrance, California.  (Id. ¶ 23.)  Plaintiff seeks to represent both a California class of people who purchased products containing krab mix from P.F. Changs, as well as a separate "State Consumer Protection Class" of "all persons in California, Florida or New York" who purchased Defendant's products containing krab mix.  (Id. ¶ 28.)

Plaintiff's Complaint alleges claims for: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500; (3) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750; (4) breach of express warranty; and (5) "violations of consumer fraud laws" including the Florida Deceptive and Unfair Trade practices Act, Texas Practices-Consumer Protection Act, and the New York Deceptive Acts and Practices Act.  (Id. ¶¶ 36-86.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-02252 PA (SPx) | Date | January 9, 2020 |
|---|---|---|---|
| Title | Chansue Kang v. P.F. Chang's China Bistro, Inc. | | |

## II.    Legal Standard

Defendant brings this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant alleges (1) Plaintiff lacks standing to pursue his claims for violations of consumer protection laws of states outside of California under Rule 12(b)(1), and (2) Plaintiff fails to state a claim for relief pursuant to Rule 12(b)(6).

### A.    Standing Under Rule 12(b)(1)

"Article III of the Constitution requires that a plaintiff have standing to assert claims in federal court." Jones v. Micron Technology Inc., 400 F. Supp. 3d 897, 906 (N.D. Cal. 2019) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). Challenges to "Article III standing implicate a court's subject matter jurisdiction and therefore are properly raised under Federal Rule of Civil Procedure 12(b)(1)." Id. (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "Federal courts are courts of limited jurisdiction," and "[i]t is presumed that a cause lies outside this limited jurisdiction," unless otherwise shown. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Where a challenge is to the plaintiff's standing as alleged, the Court looks only to the allegations in the complaint, and assumes the allegations are true. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

"If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed." Mollicone v. Universal Handicraft, Inc., 16-cv-07322, 2017 WL 440257, at *5 (C.D. Cal. Jan. 30, 2017). "To establish standing, a plaintiff has the burden to demonstrate (i) that he suffered an injury-in-fact, (ii) which resulted from the defendant's conduct, and (iii) that a favorable ruling would redress the injury." Jones, 400 F. Supp. 2d at 906.

### B.    Motion to Dismiss Under Rule 12(b)(6)

For purposes of a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-02252 PA (SPx) | Date | January 9, 2020 |
|---|---|---|---|
| Title | Chansue Kang v. P.F. Chang's China Bistro, Inc. | | |

plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

      The more stringent pleading requirements of Federal Rule of Civil Procedure 9(b) apply to allegations of fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Rule 9(b) requires particularity as to the circumstances of the fraud – this requires pleading facts that by any definition are 'evidentiary': time, place, persons, statements made, explanation of why or how such statements are false or misleading." In re Glenfed, Inc. Securities Litigation, 42 F.3d 1541, 1548 n.7 (9th Cir. 1994); see also Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989) ("A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient.") (citing Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987)).

### III.   Analysis

      Among the arguments in Defendant's Motion to Dismiss, Defendant asserts that Plaintiff's claims fail because: (1) "Plaintiff lacks standing to assert claims under the laws of states other than the state of California," and (2) "applying a reasonably consumer test, it is implausible that members of the public would be deceived." (Mot. at 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-02252 PA (SPx) | Date | January 9, 2020 |
|---|---|---|---|
| Title | Chansue Kang v. P.F. Chang's China Bistro, Inc. | | |

### A. Article III Standing

In his Complaint, Plaintiff alleges he is a resident of the state of California and purchased sushi rolls containing krab meat from P.F. Chang's restaurants located in California. P.F. Chang's argues Plaintiff does not have standing to assert claims for "violation of consumer fraud and deceptive trade practices laws of states other than California." (Mot. 14.)

In her Opposition to Plaintiff's Motion, Plaintiff argues "there is no requirement the Court determine the issue of standing on a motion to dismiss." (Dkt No. 14 ("Opp.").) Plaintiff argues that "once the threshold issue of Plaintiff's standing is established, the Court has the power to certify the class and address the standing of unnamed class members." (Id.)

"Courts in the Ninth Circuit have consistently held that a plaintiff in a putative class action lacks standing to assert claims under the laws of states other than those where the plaintiff resides or was injured." Jones, 400 F. Supp. 3d at 908 (citing Melendres v. Arpaio, 784 F. 3d 1254, 1258-59 (9th Cir. 2015); see also Van Mourik v. Big Heart Pet Brands, Inc., 17-cv-3889, 2018 WL 1116715, at *1-2 (N.D. Cal. Mar. 1, 2018) (finding named plaintiff, a resident of Texas, lacked standing to bring claims under California law where she did not reside in California and did not suffer injury there); Mollicone, 2017 WL 440257, at *9 ("the majority of courts to consider this question have concluded that when 'a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal"); Pardim v. Unilever United States, Inc., 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013) ("The Ninth Circuit has held that [e]ach class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place. Thus, [w]here . . . a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal.")

Here, there is no representative plaintiff for Plaintiff's claims alleging violations of consumer fraud and deceptive trade practices laws of states other than California. Accordingly, the Court dismisses Plaintiff's claims for violations of consumer fraud and deceptive trade practices laws of states other than California for lack of standing.

### B. CLRA, UCL, and FAL Claims

Claims brought pursuant to the CLRA, UCL, and FAL are all "governed by the 'reasonable consumer' test. Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008). "Under this standard, Plaintiff must 'show that members of the public are likely to be deceived.'" Ebner v. Fresh, Inc., 818 F.3d 799, 806 (9th Cir. 2016) (quoting Williams, 552 F.3d at 938). Satisfying the reasonable consumer standard "requires more than a mere possibility that [the defendant's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" Id. (quoting Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 508 (2003); see also Lavie, 105 Cal. App. 4th at 508 (holding that the phrase "likely to deceive . . . indicates that the ad [or conduct] is such that it is probable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-02252 PA (SPx) | Date | January 9, 2020 |
|---|---|---|---|
| Title | Chansue Kang v. P.F. Chang's China Bistro, Inc. | | |

that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled").

"The question of whether a business practice is deceptive in most cases presents a question of fact not amenable to resolution on a motion to dismiss." Pelayo v. Nestle USA, Inc., et al., 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013). "However, in certain instances, the Court can properly make this determination and resolve such claims based on its review of the product packaging." Id. (citing Brockey v. Moore, 107 Cal. App. 4th 86, 100 (2003) ("the primary evidence in a false advertising case is the advertising itself"). Thus, where a court "can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." Id.; see also Rooney v. Cumberland Packaging Corp., 12-cv-0033, 2012 WL 1512106, at *4 (S.D. Cal. Apr. 16, 2012) (dismissing without leave to amend a complaint alleging that "Sugar in the Raw" was deceptive because it was actually processed and not natural sugar); Werbel v. Pepsico, Inc., 09-cv-04465, 2010 WL 2673860, at *4-5 (N.D. Cal. July 2, 2010) (holding as a matter of law that no reasonable consumer would be led to believe that "Cap'n Crunch's Crunch Berries" cereal contained real fruit berries despite the use of the word berries in the product); Videtto v. Kellogg USA, 08-cv-01324, 2009 WL 1439086, at *2-3 (E.D. Cal. May 21, 2009) (dismissing without leave to amend UCL, FAL, and CLRA claims finding no reasonable consumer would believe "Froot Loops" cereal contained "real, nutritious fruit").

Plaintiff's Complaint alleges P.F. Chang's use of the words "krab mix" to describe sushi rolls that do not contain authentic crab is "unfair and deceptive" and led "its consumers into believing that the [food products at issue] contain actual crab meat." (Compl. ¶ 3.) In its Opposition, Plaintiff argues Defendant "could and should have labeled the ingredient as 'imitation crab,' or provided a further explanation" of what krab mix is. (Opp. at 8.) P.F. Chang's argues that a reasonable consumer would not be lead to believe that "krab mix" is real crab.

Even taking Plaintiff's allegations as true, the Court finds Plaintiff has failed to state a claim. First, the mix at issue is spelled "krab" not "crab." While this might be a fanciful take on the word "crab," no reasonable consumer would view the words "krab mix" to mean real crab. See, e.g., McKinnis v. Kellog USA, 07-cv-02611, 2007 WL 4766060, at *4 (C.D. Cal. Sept. 19, 2007) (granting motion to dismiss without leave to amend on plaintiff's UCL, FAL, and CLRA claims, finding no reasonable consumer would be misled by the word "Froot" in "Froot Loops" into believing the product contained "Fruit"); Pelayo v. Nestle USA, Inc., 989 F. Supp. 2d 973, 979 (C.D. Cal. 2013) (granting motion to dismiss on plaintiffs' CLRA and UCL claims finding no reasonable consumer would be misled by the use of the words "All Natural" on a pasta product's package into believing the product contained only natural ingredients, where pasta contained two artificial ingredients).

Second, a reasonable consumer understands that cheaper sushi rolls, such as a California Roll, contain imitation as opposed to real crab. See, e.g. Werbel v. Pepsico, Inc., 2010 WL 2673860, at * (N.D. Cal. July 2, 2010) (holding, as a matter of law, that no reasonable consumer would be led to believe that "Cap'n Crunch's Crunch Berries" cereal contained real fruit berries despite the use of the word berries in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-02252 PA (SPx) | Date | January 9, 2020 |
|---|---|---|---|
| Title | Chansue Kang v. P.F. Chang's China Bistro, Inc. | | |

the product,).  A reasonable consumer does not, as Plaintiff argues, need the fact that a California Roll with "krab meat" contains "imitation crab" explicitly spelled out for them.  (See Opp. at 9.)

Third, other dishes on P.F. Chang's menu are described with the use of the word "crab," where they contain actual crab.[1]  A reasonable consumer would recognize that the use on P.F. Chang's menu of "krab mix" for some items and "crab" for others, suggests "krab mix" is not the same as "crab."  See Freeman v. Time, Inc., 68 F.3d 285, 290 (9th Cir. 1995) ("Any ambiguity that Freeman would have read into any particular statement is dispelled by the promotion as a whole.")

When a reasonable consumer walks into a P.F. Chang's and orders an item with "krab mix," that consumer knows that the item does not consist of "crab."  Because no reasonable consumer could be confused by this, Plaintiff fails to state viable CLRA, UCL, or FAL claims.

**C.    Breach of Express Warranty**

"[T]o prevail on a breach of express warranty claim, the plaintiff must prove (1) the seller's statements constitute an 'affirmation of fact or promise' or a 'description of the goods'; (2) the statement was 'part of the basis of the bargain'; and (3) the warranty was breached."  Weinstat v. Dentsply Int'l, Inc., 180 Cal. App. 4th 1213, 1227 (2010); see also Viggiano v. Hansen Natural Corp., 944 F. Supp. 2d 877, 893 (C.D. Cal. 2013) (also requiring that "the breach caused injury to plaintiff").

Here, Plaintiff has alleged no well-pleaded facts showing P.F. Chang's has stated, or expressly warranted, that it's food items containing "krab mix" contain actual crab.  As a result, there is no statement by Defendant of any "fact or promise" that it has breached that forms the basis of the bargain.  Plaintiff's strained interpretation of Defendant's menu descriptions which is inconsistent with the understanding of a reasonable consumer, does not form the "basis of the bargain" that could support a breach of express warranty claim in these circumstances.  See Forouzesh v. Starbucks Corp., 16-cv-3830, 2016 WL 4443203, at *4 (C.D. Cal. Aug. 19, 2016) (dismissing plaintiff's breach of express warranty claim finding plaintiff "alleged no well-pleaded facts suggesting that Starbucks has stated, or expressly warranted, that its Cold Drinks contain a specific amount of liquid").  Plaintiff's interpretation of the promise is contradicted by the well-pleaded facts, his understanding of the bargain is contrary to that of a reasonable consumer, and Plaintiff has failed to plausibly allege that Defendant breached any express warranty it may have offered.  The Complaint's express warranty claim therefore fails to state a viable claim.

---

[1]    The Court incorporates P.F. Chang's restaurant menu by reference, as the Complaint refers extensively to P.F. Chang's menu items.  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010) ("On a motion to dismiss, [a court] may consider materials incorporated into the complaint or matters of public record."  "We have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in the complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-02252 PA (SPx) | Date | January 9, 2020 |
|---|---|---|---|
| Title | Chansue Kang v. P.F. Chang's China Bistro, Inc. | | |

**Conclusion**

    For all of the foregoing reasons, the Court grants Defendant's Motion to Dismiss. The Court concludes that Plaintiff has not alleged any viable claims. The Court additionally concludes that no amendment could cure the deficiencies in Plaintiff's theories of liability. See Forouzesh, 2016 WL 4443203, at * 5 (dismissing similar claims with prejudice); McKinnis, 2007 WL 4766060, at *6 (same) As a result, the Court dismisses this action with prejudice. The Court will issue a Judgment consistent with this Order.

    IT IS SO ORDERED.