KENNETH H. YOON (State Bar No. 198443)
kyoon@yoonlaw.com
STEPHANIE E. YASUDA (State Bar No. 265480)
syasuda@yoonlaw.com
**YOON LAW, APC**
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

[ADDITIONAL COUNSEL ON FOLLOWING PAGE]

Attorneys for Plaintiff Chansue Kang

James A. Murphy – 062223
   JMurphy@mpbf.com
Patrick J. Wingfield - 265140
   PWingfield@mpbf.com
Jonathan M. Blute - 240751
   JBlute@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
580 California Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 788-1900
Facsimile:  (415) 393-8087

[ADDITIONAL COUNSEL ON FOLLOWING PAGE]

Attorneys for Defendant
P.F. CHANG'S CHINA BISTRO, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CHANSUE KANG, an individual, and on behalf of other members of the general public similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>P.F. CHANG'S CHINA BISTRO, INC. an Arizona corporation; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No.: 5:19-cv-02252-PA-SP<br><br>**STIPULATION AND REQUEST FOR VOLUNTARY DISMISSAL OF ACTION**<br><br>**Action Filed**:  November 25, 2019<br>**Judge**:  Hon. Percy Anderson<br>**Courtroom:**  9A |

**LIM LAW GROUP, P.C.**
Preston H. Lim (SBN 275249)
phl@limlawgroup.com
3435 Wilshire Blvd., Suite 2350
Los Angeles, California 90010
Telephone: (213) 900-3000
Facsimile: (213) 204-3000

**LAW OFFICES OF JONG YUN KIM**
Jong Yun Kim (SBN 272176)
jongkimlaw@hotmail.com
3600 Wilshire Blvd., Suite 2226
Los Angeles, California 90010
Telephone: (213) 351-9400
Facsimile: (213) 736-6514

Attorneys for Plaintiff Chansue Kang

Patrick Gillespie – 302456
PGillespie@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
550 S. Hope Street, Suite 650
Los Angeles, CA 90071
Telephone: (213) 327-3500
Facsimile: (213) 627-2445

Attorneys for Defendant
P.F. CHANG'S CHINA BISTRO, INC.

Plaintiff Chansue Kang ("Plaintiff" or "Kang") and Defendant P.F. Chang's, a Delaware corporation ("P.F. Chang's"), erroneously sued as P.F. CHANG's CHINA BISTRO, INC., an Arizona corporation, by and through their respective counsels of record, hereby respectfully submit this Stipulation in accordance with Federal Rules of Civil Procedure 41(a) and 23:

## RECITALS

**A.** On April 29, 2019, P.F. Chang's received a demand letter from Kang (on behalf of himself and all other similarly situated consumers) pursuant to California Civil Code § 1782 alleging violations of California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et. seq. ("CLRA"), misrepresentations, false advertising and violations of Section 17200 of the California Business & Professions Code ("UCL") ("Kang Demand Letter").

**B.** On October 23, 2019, Kang filed a civil class action lawsuit against P.F. Chang's on behalf of himself and all other similarly situated customers of P.F. Chang's in the Superior Court of California, County of San Bernardino, Case No. CIVDS193220 ("Lawsuit") alleging the following causes of action: Violation of Business and Professions code §17200, et, seq.; Violation of Business and Professions Code §17500, et seq.; Violation of California Civil Code §1750, et seq.; and Breach of Express Warranty.

**C.** On October 24, 2019, Kang filed a First Amended Class Action Complaint (the "Operative Complaint").

**D.** On November 25, 2019, P.F. Chang's filed a Notice of Removal Civil Action to the United States District Court for the Central District of California, and the Lawsuit was thereafter removed to the United States District Court of the Central District of California, Case No. 5:19-cv-02252.

**E.** After removal, P.F. Chang's filed a motion to dismiss the Operative Complaint and Lawsuit pursuant to Federal Rule of Civil Procedures 12(b)(1) and 12(b)(6).

1     **F.**    On January 10, 2020, the Hon. Percy Anderson sustained P.F. Chang's motion to dismiss under F.R.C.P. 12(b)(1) and 12(b)(6) and dismissed all claims asserted by Kang and the Lawsuit *with prejudice*.

    **G.**    On February 7, 2020, Kang filed a notice of appeal of a portion of the ruling on P.F. Chang's motion to dismiss under F.R.C.P. 12(b)(6). Kang's appeal did not concern Judge Anderson's dismissal of Kang's claims for violations of consumer fraud and deceptive trade practices in states other than the State of California.

    **H.**    On February 9, 2021, the Ninth Circuit Court of Appeal issued a Memorandum on Kang's appeal, reversing and remanding Judge Anderson's January 10, 2020 ruling under F.R.C.P. 12(b)(6).

    **I.**    After remand, on March 24, 2021, P.F. Chang's filed an Answer to the Operative Complaint.

    **J.**    A class has **not** been certified. The deadline to file a motion to certify a class in the Lawsuit was July 5, 2021.

    **K.**    On July 12, 2021, the Court entered an order striking the class allegations in the Operative Complaint [Docket No. 39].

    **L.**    Trial is currently set to commence on February 22, 2022.

    **M.**    No parties other than Kang and P.F. Chang's have appeared in this action.

    **N.**    After conducting written discovery and investigating the claims and defenses asserted in the Lawsuit, Kang now wishes and respectfully requests to dismiss the Lawsuit and Operative Complaint *with prejudice*.

    **O.**    Under Rule 41(a)(1)(A)(ii), a plaintiff may voluntarily dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." (Fed. R. Civ. P. 41(a)(1)(A)(ii).)

## STIPULATION

**NOW THEREFORE**, the parties, by and through their counsel of record, hereby stipulate and respectfully request the court to dismiss the Lawsuit and Operative Complaint, as follows:

1. Plaintiff agrees to voluntarily dismiss the Lawsuit and Operative Complaint *with prejudice.*

2. Kang and P.F. Chang's shall each bear his/its own costs and attorneys' fees arising out of or related to the Lawsuit and the appeal thereof.

3. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Counterparts may be delivered via electronic mail (provided that any electronic signature complies with the U.S. federal ESIGN Act of 2000, Uniform Electronic Transactions Act or other applicable law), and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

**IT IS SO STIPULATED.**

**Dated**:   **YOON LAW, APC**

By: _____
Kenneth H. Yoon
Attorneys for Plaintiff Chansue Kang

**LIM LAW GROUP, P.C.**

By: _____
Preston Lim
Attorneys for Plaintiff Chansue Kang

**LAW OFFICES OF JONG YUN KIM**

By: _____
Jong Yun Kim
Attorneys for Plaintiff Chansue Kang

**Dated**:   **MURPHY, PEARSON, BRADLEY & FEENEY**

By: _____
James Murphy
Patrick Wingfield
Patrick A. Gillespie
Attorneys for Defendant
P.F. CHANG'S CHINA BISTRO, INC.

1. Plaintiff agrees to voluntarily dismiss the Lawsuit and Operative Complaint *with prejudice.*

2. Kang and P.F. Chang's shall each bear his/its own costs and attorneys' fees arising out of or related to the Lawsuit and the appeal thereof.

3. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Counterparts may be delivered via electronic mail (provided that any electronic signature complies with the U.S. federal ESIGN Act of 2000, Uniform Electronic Transactions Act or other applicable law), and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

**IT IS SO STIPULATED.**

Dated:                    **YOON LAW, APC**

By: _____
Kenneth H. Yoon
Attorneys for Plaintiff Chansue Kang

**LIM LAW GROUP, P.C.**

By: _____
Preston Lim
Attorneys for Plaintiff Chansue Kang

**LAW OFFICES OF JONG YUN KIM**

By: _____
Jong Yun Kim
Attorneys for Plaintiff Chansue Kang

Dated:                    **MURPHY, PEARSON, BRADLEY & FEENEY**

By: _____
James Murphy
Patrick Wingfield
Patrick A. Gillespie
Attorneys for Defendant
P.F. CHANG'S CHINA BISTRO, INC.

1. Plaintiff agrees to voluntarily dismiss the Lawsuit and Operative Complaint *with prejudice*.

2. Kang and P.F. Chang's shall each bear his/its own costs and attorneys' fees arising out of or related to the Lawsuit and the appeal thereof.

3. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Counterparts may be delivered via electronic mail (provided that any electronic signature complies with the U.S. federal ESIGN Act of 2000, Uniform Electronic Transactions Act or other applicable law), and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

IT IS SO STIPULATED.

**Dated**:  YOON LAW, APC

By: _____
Kenneth H. Yoon
Attorneys for Plaintiff Chansue Kang

**LIM LAW GROUP, P.C.**

By: _____
Preston Lim
Attorneys for Plaintiff Chansue Kang

**LAW OFFICES OF JONG YUN KIM**

By: _____
Jong Yun Kim
Attorneys for Plaintiff Chansue Kang

**Dated**:  **MURPHY, PEARSON, BRADLEY & FEENEY**

By: *Patrick Wingfield* _____
James Murphy
Patrick Wingfield
Patrick A. Gillespie
Attorneys for Defendant
P.F. CHANG'S CHINA BISTRO, INC.